JAMES PACE v. DAVID G. ROBERTSON, JUN., et al,

An endorser who pays off and discharges the note of his principal can only recover from the latter the amount actually paid by him.

This was a civil action tried before *Tourgee, J.,* at Spring Term, 1871, of CHATHAM Superior Court.

The action was brought upon a promissory note payable to T. S. Lutterloh for $699, negotiable and payable at the Branch Bank of Cape Fear in Fayetteville, at the Bank of Fayetteville, or at the Bank of Clarendon at the option of the holder, dated Feb. 26th, 1861, and payable eighty-eight days after date.

The summons in this case issued the 6th day of September, 1870, and a short time prior thereto, Lutterloh endorsed said note without recourse to the plaintiff for value.

The note sued on was given in renewal of a former note which had been discounted by the Bank of Clarendon, on which T. S. Lutterloh was an endorser, and he was also an endorser of the note sued on in this action.

In January, 1866, the note in controversy, was paid off by the said Lutterloh voluntarily to the Bank of Clarendon, without the knowledge of the defendants. That said payment was made in bills of the Bank of Clarendon, worth about five cents in the dollar. That prior to the indorsement of said note to the plaintiff, the defendants owned bills of the Bank of Clarendon sufficient in amount to pay off, and discharge said note,

and interest, and tendered the same to Lutterloh and the plaintiff, which they refused to accept, whereupon they produced said bills and claimed them as a set off in this action.

His Honor instructed the jury that upon the evidence, the plaintiff was entitled to recover the full amount of the note and interest, to which defendant excepted.

Verdict for amount of note and interest. Rule, &c. Judgment, and appeal.

*Phillips & Merrimon* and *Headen*, for plaintiff.
*Manning*, for defendants.

READE, J. The single question necessary to be decided, is, whether Lutterloh was entitled to recover of the defendants, more than the value of what he paid, as endorser, for them? We are of the opinion that he was not.

It was the privilege of the defendants, under an act of the Assembly to that effect, to pay off the note in bank, with the bills of the bank; and Lutterloh deprived them of that privilege, by officiously paying off the note, in the depreciated bills of the bank, worth some five or six cents in the dollar.

To allow Lutterloh, or his assignee, the plaintiff, to recover the full amount of the note in par funds, would be to allow a surety to speculate upon the principal; for which, we know no authority.

There is error.

PER CURIAM. *Venire de novo.*