STATE v. JAMES C. LUMSDEN and another.

*Lottery.*

The defendant sold to customers small boxes of candy, of trifling value, for the chance or opportunity of designating one of certain pictures, conveniently arranged in his place of business, behind some of which were small sums of money, and behind others a card on which was the letter " C," the

purchaser getting either the money or the card, accordingly as he may select; but if he got a card, he became entitled to another box of candy; *Held*, to constitute a lottery, and to be in violation of the statute. THE CODE, §1047.

(*State v. Bryant*, 74 N. C., 207, cited and approved).

INDICTMENT for keeping a lottery, tried at May Special Term, 1883, of NEW HANOVER Criminal Court, before *Meares, J.*

The jury rendered a special verdict, the facts of which are sufficiently set out in the opinion of this court, and thereupon His Honor held the defendants, Lumsden and Rhodes, to be guilty; judgment; appeal by the defendants.

*Attorney-General,* for the State.
No counsel for the defendants.

MERRIMON, J. A *lottery*, within the meaning of the statute of this state forbidding lotteries (Bat. Rev., ch. 32, §69), is a scheme, devise or game of hazard, whereby for a smaller sum of money, or other thing of value, the person dealing therein by chance or hazard, or contingency, may or may not get money or other thing of value, of greater or less value, or in some cases no value at all, from the owners or managers of such lottery. 2 Bish. Cr. L., §§945, 946, and notes.

It appears from the facts found in the special verdict in the case before us, that the defendants carried on the business whereby they would sell to their customers small boxes of candy of trifling value. This was the consideration for the *chance* or opportunity to designate, with a cue or slender stick, one of a number of pictures of uniform size set in a line on the wall across the counter, behind some of which were small sums of money, various in amount, and behind others of them were cards on which was the letter " C." If the customer happened to designate a picture with money behind it, he got the money; if he happened to designate a picture with a card with the letter " C" on it behind it, he became entitled to recover another box

of candy similar to the one he had purchased. The customer did not know which of the pictures on the line the money was behind, nor the amount, nor did he know which of them the card with the letter ".C" on it was behind, until he had exercised his right to designate one of the pictures at random. It was purely hazard; whether he got money was contingent; whether he got a larger or smaller sum was contingent; whether he got another package of candy or not was entirely left to chance.

We cannot doubt that the facts found in the verdict constitute the offence charged in the indictment. A scheme-called " *a gift enterprise*," and so licensed in this state, having features in some respects strikingly like those in this case, was held to be a lottery under the statute. *State* v. *Bryant,* 74 N. C., 207.

No error.                                                    Affirmed.