STATE v. NICK DEBOY.

*Indictment for Betting at a Game of Chance—Games of Chance, What Constitutes—Raffling—Trial of Skill— "Progressive Euchre" and Similar Games.*

1. Where several parties each put up a piece of money and then decide, by throwing dice, who shall have the aggregate sum or "pool," the game is one of chance and the fact that the aggregate sum so put up is exchanged for a turkey and the transaction is denominated a "raffle" does not change the character of the game.

2. In misdemeanors, all aiders, abettors and accessories are principals, and one who gets up a raffle or throws dice for those engaging in it is liable as a principal.

3. Chapter 29, Acts of 1891, making it "unlawful for any person to play at any game of chance at which money, property or other thing of value is bet, whether same be at stake or not," has no application to the long prevailing custom of "shooting for beef" and other similar trials of skill, for which the participant pays for the "chance" or privilege of shooting, there being no "chance" in the sense of the acts against gambling.

4. Nor does such statute of 1891 prohibit the social diversions in which a hostess offers prizes for the most successful or least successful player at cards or other games, for, though the games are games of chance, the players bet nothing.

This was an indictment under Chapter 29, Acts 1891, against the defendant, Nick DeBoy, tried at July Term, 1895, WAKE Superior Court, before his Honor, *E. W. Timberlake.*

The indictment was as follows:

"The jurors for the State, upon their oath, present: That Nick DeBoy, late of the county of Wake, on the 25th day of March, in the year of our Lord one thousand eight hundred and ninety-five, with force and arms, at and in the county aforesaid, unlawfully and wilfully did play at a game of chance, namely a raffle, at which money, property

and other things of value were bet, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State. And the jurors for the State, upon their oath, do further present : That Nick DeBoy, late of the county of Wake, on the 25th day of March, in the year of our Lord one thousand eight hundred and ninety-five, with force and arms, at and in the county aforesaid, unlawfully and wilfully did bet at a game of chance, namely, a raffle, at which game of chance money, property and other things of value were bet, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

The defendant moved to quash the bill, and the discharge of the defendant thereunder ; for that it did not charge any offence. The court overruled the motion and defendant excepted.

Thomas Pence, a witness introduced by the State, testified that some time in the Fall of 1894, the defendant, who kept a store near the market house, in the city of Raleigh, had turkeys on hand for sale; and that on one occasion he offered a turkey at a fixed price, to be raffled for; that he, the witness, and a number of others, bought the privilege of throwing dice for the turkey, giving ten cents for the privilege of throwing one time ; that the privileges were ten cents a piece, all the chances being taken; and that of those who took chances the one that threw the highest number, as counted upon the dice, took the turkey ; that he did not know whether defendant bought a chance, but that he saw him throw off the chances for some who had bought them.

James Jones, another witness for the State, testified to the same effect.

The defendant demurred to the evidence, and asked the court to instruct the jury that, upon the evidence, he was

STATE *v.* DEBOY.

entitled to a verdict of not guilty. The court refused the instructions, and the defendant excepted. Verdict of guilty was rendered, and the defendant moved in arrest of judgment, upon the same ground as that of the motion to quash. The court overruled the motion, and the defendant excepted and appealed.

*The Attorney General*, for the State.
*Messrs. Argo & Snow*, for defendant (appellant).

CLARK, J. : If several parties each put up a piece of money and then decide by throwing dice who shall have the aggregate sum, or "pool," this is unquestionably a game of chance. The sum put up by each is his bet and the pool gamed for is the stake.

This is exactly what the parties did in this case. The only variation is that when the pool was raised it was exchanged for a turkey, which then stood in lieu of and became the stake, and further, they chose to style the transaction a raffle and it is contended that a raffle is a kind of lottery and hence not a game of chance. But lotteries are a species of gambling and because thereof the Supreme Court of the United States has held that they were immoral and their circulars and tickets could be excluded from the mails.

Technically, a person can not be said to *play* at a lottery. The tickets are drawn out of a wheel. But in this case the parties played dice for the possession of the turkey and success depended "on the hazard of the die." The defendant is liable both because he threw dice as agent for one of the players and because he got up the game. In misdemeanors all aiders, abettors and accessories are principals.

The transaction was simply gaming with dice, with ten cent bets and for a turkey as a "pool." The case of *State*

v. *Bryant*, 74 N. C., 207, merely holds that the transaction there described was a lottery and the keeper thereof and the purchasers of tickets therein were not indictable for playing at a game of chance under Ch. 32, Sec. 72, Battle's Revisal (now *The Code*, Sec. 1045), though the seller would be liable under *The Code*, Sections 1047, 1048. Another "gift enterprise" was held a lottery and the holder of it liable to indictment under *The Code*, Sec. 1047 in *State* v. *Lumsden*, 89 N. C., 572, and such lottery was held to be a "game of hazard." There is no adjudication as to the liability of the purchasers of the tickets.

Whatever defects there were in the law of gambling were intended to be cured by Acts 1891, Ch. 29, which makes it "unlawful for any person to play at any game of chance at which money, property or other thing of value is bet, whether the same be at stake or not, and those who play and those who bet thereon shall be guilty of a misde-meanor." This covers the present case and all other forms of raffling.

It must be noted that this statute and this decision have no application to the long prevailing custom of "shooting for beef," shooting at turkeys and other similar trials of skill. It is true there each participant pays for the privilege or so-called "chance" of shooting for the prize, but there is no chance in the sense of the acts against gambling. These are trials of skill which the law has never discouraged, and not games of chance in any sense. Nor does the statute prohibit the social diversions in which the hostess offers prizes for the most successful player at cards or other games. In such cases, though there are games of chance, the players bet nothing. They lose nothing if unsuccessful and pay nothing for the chance of winning.

No Error.