## PARRISH v. GRAHAM.

(Filed November 12, 1901.)

PRINCIPAL AND SURETY—*Co-obligors*—*Issues*—*Practice*—*The Code, Sec. 424*—*Negotiable Instruments.*

Under The Code, Sec. 424, in an action against the maker and indorsers of a note, an issue should be submitted as to whether or not the endorsers were co-sureties, or whether one was a supplemental surety to the other.

ACTION by W. L. Parrish and wife against P. C. Graham, receiver of the Golden Belt Hosiery Company, J. S. Carr and J. W. Smith, and the Citizens Bank of New Bern, heard by Judge *W. B. Council* and a jury, at March Term, 1901, of the Superior Court of DURHAM County. From a judgment for the plaintiffs, the defendant J. W. Smith appealed.

*Manning & Foushee,* for the plaintiffs.
*Boone, Bryant & Biggs,* for the defendant J. W. Smith.

FURCHES, C. J. To understand the case, it will be sufficient to state that on the 5th day of June, 1897, the "Golden Belt Hosiery Company" (a corporation in the city of Durham), J. S. Carr and J. W. Smith, made and executed their promissory note to Mrs. Lilly L. Parrish for $3,500. The "Golden Belt Hosiery Company" being in a state of insolvency, P. C. Graham has been appointed and is its receiver. The note not being paid, this action was brought, and Graham, as receiver, filed no answer and made no defense to plaintiff's action. The defendants Carr and Smith both filed answers admitting the execution of the note, but Smith alleges plaintiff's action. The defendants Carr and Smith both filed that he signed it as supplemental surety to the defendant Carr, who agreed to hold him harmless. This allegation in defendant Smith's answer the defendant Carr denies, and

alleges that he and Smith are equally liable as sureties of the Golden Belt Hosiery Co.

When the case was called for trial, the defendant Smith tendered an issue for the purpose of determining whether or not he was only supplemental surety to the defendant Carr. The Court asked if it was contended that Mrs. Parrish knew that Smith was only supplemental surety to Carr, and, upon being answered that there was no such contention, the Court declined to submit such issue, and remarked that it seemed that plaintiff was entitled to judgment against both Carr and Smith, and they could then determine by an action for that purpose their respective liabilities as between themselves. Plaintiff then moved for judgment against all of the defendants, which was granted, and the defendant Smith excepted and appealed.

The ruling of the Court would have been correct under the old practice, before The Code consolidating the law and equity jurisdictions in the same Court. Before then, this would have been an action at law, whose judgments, as we have said at this term, were *in solido,* yea, yea, and nay, nay. But while this was so on the law side of the docket, it was different on the equity side; its judgments or decrees, as they were called, were modified to suit the equity and the justice of the case—and they were made against plaintiffs or defendants, or against one defendant and in favor of other defendants. Under The Code, our practice has followed, to a large degree, that of the Courts of Equity; "and its tendency has been towards the enlargement of the number of rights that may be adjusted in one action." *Davis v. Mfg. Co.,* 114 N. C., 321, 23 L. R. A., 322; *Bobbitt v. Stanton,* 120 N. C., 253.

But, besides the general tendency to adopt at least the spirit of the equity practice, it seems to us that cases like this have been specially provided for by section 424 of The Code:

"1. Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may determine the ultimate rights of the parties on each side, as between themselves."

This seems to give ample power to the Court to submit the issue tendered by the defendant Smith, as this issue has been raised by allegations in the answer of defendant Smith and denials in the answer of defendant Carr. *Hulbert v. Douglas,* 94 N. C., 128.

We do not think *Baugert v. Blades,* 117 N. C., 221, nor any other authority cited to us, is in conflict with the authorities we have cited; and in refusing to submit the issues tendered by the defendant Smith, there was

