BANK v. CARR.

(Filed June 13, 1902.)

1. NEGOTIABLE INSTRUMENTS—*Payee—Endorsers—Makers.*

The owner of a promissory note, endorsed by the payee for the accommodation of the maker, may sue any one of the endorsers without joining the maker or any other endorser.

2. NEGOTIABLE INSTRUMENTS—*Bills and Notes.*

A promissory note made in another State need not be protested before the owner may sue an endorser, there being no evidence that this is required in the State where the note was executed.

3. DEPOSITIONS—*Evidence.*

It is not error to take deposition in place of business of one of the parties if such place is named in the notice and there is no suggestion that the other party suffered any prejudice thereby.

4. DEPOSITIONS—*Leading Questions—Evidence.*

It is discretionary with the trial judge whether or not answers to leading questions shall be stricken out of deposition.

ACTION by State Bank of Chicago against J. S. Carr, heard by Judge *Walter H. Neal* and a jury, at January Term, 1902, of the Superior Court of DURHAM County.    From a judgment for the plaintiff, the defendant appealed.

*Manning & Foushee,* for the plaintiff.
*Guthrie & Guthrie,* for the defendant.

CLARK, J.    It was not error to refuse to submit the issue
tendered, whether the defendant was accommodation endorser
and surety.    That inquiry should have no bearing in this ac-
tion, for the plaintiff could sue any endorser without joining
the maker or other endorser.    *Bank v. Carr,* 121 N. C., 113;
*Moore v. Carr,* 123 N. C., 426; *Bank v. Lumber Co.,* 123 N.
C., 26; and as there is only one defendant, the principle in
*Parrish v. Graham,* 129 N. C., 230, does not apply, for that
was an adjustment of the rights of defendants as between
themselves, as provided by The Code, Sec. 424.

Exceptions 2 and 3 are to the sufficiency of the protest.
This action is upon a promissory note in which the de-
fendant was payee and endorser.    The defendant admits
that if this had been a North Carolina note, protest would
not have been necessary, but contends that the note, bearing
date Richmond, Va., and payable at no particular place, it
was a Virginia contract, and notice of protest was necessary.
But there was no allegation or evidence as to the Virginia
law, and that being lacking, the common law is presumed to
prevail (*Moody v. Johnson,* 112 N. C., 798), under which it
was not necessary to protest this note, and the issue on this
point was immaterial and irrelevant.

Exceptions 4 and 5 are that the evidence was not sufficient
to show that the plaintiff was a corporation.    There was in
evidence a properly certified copy of an amended charter,
1900, to plaintiff as a corporation to do a banking business,
signed by the Auditor of Illinois, said copy being certified
by the Recorder of Deeds of Chicago as a true copy from the
records in his office, and further the deposition of the cashier
that the bank had been duly organized and acting under said
charter, and had been for ten years previous doing business
under the previous charter of 1891; that from its first organ-
ization he had been connected with it; that it had regularly
paid taxes as a bank, had never been dissolved, and was still

BANK *v.* CARR.

doing business as a bank.   This witness also appended to his deposition a copy, as he testified, of the minutes of the meeting at which the plaintiff bank organized under said charter, of which meeting said witness was secretary, and said minutes contained a copy, under seal, of the original charter of 1891.   This evidence was uncontradicted, and was sufficient to justify the Court in charging that if the jury believed the evidence, to find the first issue, "Was the plaintiff a corporation duly organized and existing and acting under the laws of Illinois?" in the affirmative.   There was certainly *prima facie* evidence at least of the corporate existence of the plaintiff.

Exception 6 is because the depositions were taken at the banking-house of the plaintiff, in which the witnesses were employees, but that was the place named in the notice, and it is not suggested that the defendant suffered any prejudice thereby.   There was no error in refusing the motion to quash on that ground.

The other exceptions are for refusal of the Court to strike out answers to certain questions in the deposition, because they were leading.   This, like the permission to put leading questions to a witness before the jury, is a matter of discretion in the trial Judge (*Ducker v. Whitson,* 112 N. C., 50), and we do not see that the defendant has in anywise been injured by the form of these questions.

No Error.