WOLF MOUNTAIN LUMBER COMPANY v. M. BUCHANAN, GEORGE H. SMATHERS, AND THE AMERICAN NATIONAL BANK.

(Filed 31 December, 1926.)

**1. Equity—Cancellation—Bills and Notes—Consideration—Negotiable Instruments—Statutes.**

The endorser of a note may resort to the equity jurisdiction of our courts which is preventive of injustice as well as remedial, to cancel a negotiable instrument in the hands of his immediate endorsee for a total failure of consideration, and under our statute, C. S., 2982, this remedy is available whether the misrepresentation of value was innocently or knowingly made.

**2. Negotiable Instruments—Holder by Endorsement—Discharge of Endorser's Liability.**

Where the holder of a negotiable instrument by endorsement has acknowledged in his action that he had acquired the instrument from his immediate endorser without a consideration, and that it was delivered to him after maturity with knowledge of the infirmity of the instrument, he may not successfully defend in the suit of the maker to have the note canceled, upon the ground that he is a holder by endorsement for value.

**3. Same—Endorsee's Releasing Maker From Liability.**

Where the holder of a negotiable instrument releases the maker from liability thereon, he thereby discharges from liability his endorser from whom he acquired the instrument, C. S., 3102. The question as to whether the former relinquished his right of recourse against his immediate endorser under the facts of this case is not presented or decided, but discussed by *Adams, J.*

**4. Same—Liability of Subsequent Endorsers—Right Expressly Retained—Statutes.**

Where the holder by endorsement has discharged subsequent endorsers therein by releasing the maker from liability thereon, he may not hold his immediate endorser without having first obtained his consent or reserved the right of recourse against him. C. S., 3102.

**5. Deeds and Conveyances—Warranty—Eviction.**

> In order to hold the grantor in a deed liable upon his warranty therein, it must be shown by the grantee that his possession thereunder had been disturbed by eviction, etc.

APPEAL by the defendant, Smathers, from *McElroy, J.,* at February Term, 1926, of BUNCOMBE. No error.

The action was brought to cancel and to recover the possession of a note executed by the plaintiff to the defendant, Buchanan, for $719.30, and by him endorsed to Smathers, his codefendant. The note dated 10 May, 1913, and payable 10 May, 1923, together with other notes was secured by a deed of trust.

On 5 April, 1918, Buchanan assigned the note for $719.30 to Smathers, and in writing requested the American National Bank to deliver to him this and four other notes then held by it in escrow. Two issues were submitted and answered:

1. Did the defendant, M. Buchanan, assign the note for $710.30 to his codefendant, George H. Smathers, for full value, as alleged in the answer? Answer: Yes.

2. Is the defendant, M. Buchanan, indebted to his codefendant, George H. Smathers, for the principal of said note of $719.30, with interest thereon from 1 January, 1918, computed semiannually? Answer: No.

Upon the pleadings there was judgment for the plaintiff and upon the verdict judgment was rendered against the defendant, Smathers, and he excepted and appealed.

*Merrimon, Adams & Adams for plaintiff.*
*Kenneth Smathers and Chas. E. Jones for defendant, Smathers.*
*Mark W. Brown for defendant, Buchanan.*

ADAMS, J. There is no exception to the evidence or to the issues submitted or to the refusal to submit those tendered or to any instructions given the jury except the directed instruction as to the second issue which involves a question of law. The appeal presents this exception and an exception to the final judgment. Whether either can avail the appellant is the question for decision.

The defendant Buchanan owned an undivided interest of 5/24 in the tracts of land described in six grants issued to J. T. Foster and the defendant Smathers an undivided interest of 5/24 in the same land. In addition to some other adjoining land Smathers owned the Dunn, the Broom, and the Moore tracts, each of which lapped on one or more of the grants. On 10 May, 1913, Buchanan and his wife executed and delivered to the plaintiff their deed conveying certain land in the

counties of Jackson and Transylvania for the recited consideration of $9,028.62. The plaintiff made a cash payment of $1,805.72 and executed eight notes for the deferred payments, securing them by a deed of trust. Thereafter on 27 July, 1914, upon objection raised to Buchanan's title he and the plaintiff entered into a written agreement providing that the American National Bank should hold five of the notes, and upon the plaintiff's order should deliver them to Buchanan as from time to time the defects in his title were cured. One of these notes was in the sum of $719.30 and, as contended by the plaintiff, was given for Buchanan's alleged interest in the Dunn, Broom, and Moore tracts, but on 3 July, 1916, the defendants Smathers and Buchanan agreed in writing that Smathers was the sole owner of this land, and that Buchanan had no interest therein; and thereupon in a written communication of the same date they authorized the plaintiff to settle with them on the terms of the agreement. Smathers and Buchanan made a settlement of all matters between them affecting certain real estate and the Brevard Land and Lumber Company on 1 April, 1918, and four days afterwards as a part of the settlement Buchanan assigned to Smathers and endorsed the five notes above referred to and sent to the bank and to the plaintiff a written request to deliver them to the assignee. Smathers testified that Buchanan at the time he endorsed the notes denied that the consideration of the note for $719.30 was Buchanan's interest in the Dunn, Broom, and Moore tracts, but asserted that it was his interest in other land. After they were endorsed the notes were left in the bank under the agreement and were not delivered to Smathers until 11 May, 1923, the day after they matured.

Finding it difficult to collect the note for $719.30 the defendant Smathers according to his own testimony volunteered, if the plaintiff would bring suit against Buchanan and himself, to prepare the complaint. Accordingly process was issued and he drafted the complaint, which contained in substance the following material allegations: the defendant Smathers was the owner of the Dunn, Broom, and Moore tracts of land, but Buchanan claimed an interest therein; the price to be paid Buchanan was at the rate of $12 an acre, and the value of his interest, including his claim in the Dunn, Broom and Moore tracts was $9,028.62; before the transaction was closed it was found that Smathers was the exclusive owner of these tracts, although Buchanan insisted that he had an interest in them; the plaintiff and Buchanan then agreed that the five notes previously described should be deposited in the bank to be held in escrow until the controversy was adjusted; the note of $719.30 represented and was executed for the sole purpose of covering the interest claimed by Buchanan in the Dunn, Broom and Moore land;

Buchanan afterwards admitted that he owned no interest in these tracts and represented to Smathers that it was given for other interests; the plaintiff has often demanded of Buchanan and the bank the return to it of the note in question for cancellation pursuant to the agreement and Smathers has demanded that the note be paid him; Buchanan, without regard to the note, is liable to the plaintiff for breach of warranty in an amount equal to the value of the note. The relief demanded is the return of the note for cancellation.

The defendant Smathers prepared and filed his answer in which he admitted all the allegations in the complaint, and set up matters as a basis of relief against Buchanan. Upon these admissions the plaintiff, as against the payee, was entitled to a cancellation of the note. If the payee had instituted an action at law to enforce collection the maker could have defeated payment by showing a total failure of consideration. *Washburn v. Picot,* 14 N. C., 390; *Johnston v. Smith,* 86 N. C., 498; *Womelsdorf v. O'Connor,* 44 S. E. (W. Va.), 191. This, however, is a suit in equity. Cancellation is a subject of equitable jurisdiction; and in accordance with the principle that a transaction may be rescinded though not fraudulent or illegal, a contract may be set aside if made for a consideration which is really nonexistent. Adam's Eq. (7 Am. Ed.), 188. Equity jurisprudence is not merely remediable; it is preventive of injustice. 2 Story's Eq. Jurisprudence, 10. Therefore an instrument if void may be canceled; and by a stronger reason may this be done if the instrument is evidence of a voidable transaction, and above all if it is of a negotiable character. Bispham's Prin. Eq., sec. 473. In this case the subject of the controversy is a negotiable instrument (C. S., 2982), the cancellation of which is sought on the admitted ground that it is not supported by a valuable consideration; and in such case the effect is the same whether the payee's representation of value was innocently or knowingly made.

But Smathers contends that as he is the holder of the note by endorsement he is entitled to relief against Buchanan, and that as affecting himself the judgment directing cancellation of the note is erroneous; on the other hand Buchanan insists that his liability as endorser was secondary, and that the holder's admissions released both the obligor and the endorser. The answer to the first issue was given by consent of Buchanan and the answer to the second was entered by direction of the judge upon the undisputed evidence. Smathers admitted not only that the note was without consideration, but that it had been delivered to him after maturity, and with knowledge of all the facts he prepared the complaint demanding that the note be canceled and drafted his answer thereto admitting in effect that the plaintiff was entitled to this relief.

It is provided by statute that a person secondarily liable on a negotiable instrument is discharged by any act which releases the principal debtor unless the holder's right of recourse against the party secondarily liable is expressly reserved. C. S., 3102. At common law if the holder of a negotiable instrument released the maker without the endorser's consent he thereby discharged the endorser from all liability, the reason being that the holder in this way impliedly stipulated not to pursue the endorser. *Bank v. Bennett,* 214 Mass., 352. The Uniform Negotiable Instruments Law has enlarged the scope of the doctrine so that in general terms it may be said that the holder's release of the maker will discharge all subsequent parties unless they consent or unless the holder's rights are expressly reserved. 8 C. J., 616, sec. 856.

It is important to keep in mind the plaintiff's prayer for relief against all the defendants, Smathers, Buchanan, and the bank, namely, cancellation of the note and return of the interest paid. The plaintiff admitted that its cause of action as to the interest was barred by the statute of limitations; and when Smathers in the complaint prayed for the surrender and cancellation of the note and in his answer admitted that the plaintiff was entitled to this relief, he released the maker and did not reserve a right to enforce against Buchanan any alleged liability arising out of his endorsement of the note. He made no such allegation. In his further answer he alleged that at the time he took an assignment of the five notes Buchanan insisted that the note for $719.30 did not represent the value of his interest in the Dunn, Broom and Moore tracts, but he did not allege that the note was not given for the 5/24 interest. Indeed, it was alleged in the complaint and admitted by Smathers that the note did represent this specific interest. He contends that if the note was given for this interest he is entitled to recover against Buchanan the face of the note and the interest he refunded to the plaintiff; but this cannot be. He is not entitled to the interest refunded because he received it with an agreement to refund if the condition which he admitted was found to exist; he is not entitled to recover the face of the note against Buchanan because he released the principal debtor without expressly reserving his right of recourse against Buchanan, who was secondarily liable as endorser. His allegations as set forth in the second paragraph of his further defense are statements of contentions based upon one or two hypothetical adjudications, but they do not make a reserved cause of action against the endorser. It is apparent upon the allegations that the decision in *Bank v. Crafton,* 181 N. C., 404, is not controlling in this controversy. Moreover, it may be questioned whether the admissions of Smathers are not equivalent to a discharge of the note which under the terms of the statute would also discharge the endorser. C. S., 3102.

It is also contended that Buchanan's relation to Smathers is contractual and governed by the principles generally relating to a warranty of commercial paper. As to whether Smathers has a cause of action against Buchanan on this theory we express no opinion at this time; but as the appeal is presented we cannot say that the negotiable instruments law is not applicable.

, The contention that Buchanan is liable to Smathers for a breach of warranty in Buchanan's deed to the plaintiff is not supported either by the pleadings or by any exception in the record; but if this cause had been alleged it could not have availed the plaintiff unless there had been eviction or disturbance of possession, and *a fortiori* it could not avail Smathers. *Cover v. McAden,* 183 N. C., 641; *Lockhart v. Parker,* 189 N. C., 138. We find

No error.