C. R. CASTLEBERRY v. M. I. SASSER, ADMINISTRATOR OF W. A. SASSER, AND M. I. SASSER, INDIVIDUALLY.

(Filed 14 October, 1936.)

**Bills and Notes H a—Endorser may not complain that nonsuit was taken as to maker, since holder may sue any or all persons severally liable.**

Since the holder of a note may sue any or all persons severally liable thereon, C. S., 458, an endorser may not attack for fraud a judgment entered against him on the note in a suit maintained by the maker in his capacity of administrator of the holder, in which suit he takes a nonsuit against himself as maker of the note.

APPEAL by the plaintiff from judgment as of nonsuit entered at the close of the evidence by *Sinclair, J.,* at April Term, 1936, of JOHNSTON. Affirmed.

*Parker & Lee for plaintiff, appellant.*
*Winfield H. Lyon for defendant, appellee.*

PER CURIAM. This is an action to vacate a judgment entered at the March Term, 1930, of Johnston Superior Court, in favor of M. I. Sasser, administrator of W. A. Sasser, deceased, against the plaintiff and

one Allen Watson, upon the ground that such judgment was fraudulently obtained; the allegation of fraud being "that said judgment was procured against this plaintiff by the fraudulent collusion of the defendant M. I. Sasser, as administrator, with the defendant M. I. Sasser, individually, and the principal debtor, and that on account of said fraudulent collusion said judgment was void." The facts shown by the plaintiff's evidence and relied upon by him to establish fraud are as follows: On 12 December, 1925, M. I. Sasser and Allen Watson executed a joint promissory note for $150.00 payable to C. R. Castleberry in 330 days. C. R. Castleberry, payee, endorsed, without qualification, the said note to the Clayton Banking Company. The note was not paid upon maturity and was subsequently endorsed, without recourse, to W. A. Sasser by the Clayton Banking Company. W. A. Sasser brought suit against M. I. Sasser and Allen Watson as makers of the note and C. R. Castleberry as an endorser thereof. Pending the trial of this action, W. A. Sasser, original plaintiff, died, and his father, M. I. Sasser, qualified as his administrator and was made party plaintiff. When the case came on for trial, M. I. Sasser, administrator of W. A. Sasser, as plaintiff, took a voluntary nonsuit as to M. I. Sasser, and took judgment against the remaining defendants, Allen Watson and C. R. Castleberry (the plaintiff in the instant case).

The plaintiff contends that the elimination of M. I. Sasser as a party defendant, who, as a maker of the note sued on, was primarily liable thereon, and the taking of the judgment against him, the plaintiff, who, as an endorser of said note, was only secondarily liable thereon, was a fraud upon him, and for that reason the judgment should be declared void and vacated.

We cannot agree with this contention. W. A. Sasser, as the original plaintiff, was authorized to include all or any of those severally liable on the note as defendants. C. S., 458. *Bank v. Carr,* 121 N. C., 113; *Bank v. Carr,* 130 N. C., 479. When M. I. Sasser, as administrator of W. A. Sasser, was made substitute plaintiff he was vested with all rights and powers of the original plaintiff, among which was the right to pursue the case against all or any of the defendants. He elected not to pursue it as against M. I. Sasser. In so doing he perpetrated no fraud upon the plaintiff.

We do not pass upon the novel question as to whether there can be a "fraudulent collusion" between a person acting in one capacity with himself acting in another capacity.

The judgment as of nonsuit is

Affirmed.