THE FIRST & CITIZENS NATIONAL BANK OF ELIZABETH CITY, PLAINTIFF, v. W. E. HINTON, GEORGIA HINTON AND HUSBAND, R. L. HINTON, DEFENDANTS.

(Filed 20 September, 1939.)

**Bills and Notes § 17—When liability of surety is discharged by compromise and settlement, maker is entitled to credit only for amount actually paid.**

The payee of a note, by compromise and settlement, accepted cash and lands at an agreed value from the surety or accommodation endorser in full satisfaction of the surety's liability, and credited the note with the sum total of the cash and the value of the lands at the price agreed. *Held:* The maker is not entitled to a credit on the note for the full amount of the surety's liability, but only to the credit entered on the compromise and settlement, since payment by the surety does not discharge the maker, and since there is no obligation between the surety and maker that the surety shall pay the debt, and the parties being jointly and severally liable to the payee or holder in due course. C. S., 3101.

APPEAL by defendant W. E. Hinton from *Carr, J.,* at February Term, 1939, of PASQUOTANK. Affirmed.

*J. Kenyon Wilson for plaintiff, appellee.*

*Q. C. Davis, Jr., and George J. Spence for defendant, appellant.*

SEAWELL, J. R. L. Hinton was an accommodation endorser on three notes of the defendant W. E. Hinton to the plaintiff bank, aggregating $14,500. The plaintiff elected to bring an action against R. L. Hinton alone (*Bank v. Carr,* 130 N. C., 479, 41 S. E., 876, and cases cited), and obtained judgment for the amount of his liability. The defendant

W. E. Hinton, indebted to the plaintiff in a much larger sum, made a promissory note to the plaintiff, consolidating the indebtedness, in the sum of $32,728.01, which included the amount of the notes endorsed by R. L. Hinton and represented by the judgment against him. Subsequently, the bank sought to have execution on its judgment against R. L. Hinton, and the said Hinton brought suit to enjoin the plaintiff from enforcing the judgment. The grounds set forth are not material to a decision of this controversy.

The plaintiff also brought a suit against W. E. Hinton upon the consolidated note of $32,728.01.

The two cases were consolidated for a hearing. Pending the hearing a compromise was effected between plaintiff and R. L. Hinton, whereby the latter paid the plaintiff $7,000 and conveyed certain lands at an agreed value in consideration of the cancellation of the judgment against him, and the judgment was accordingly canceled by order of the court. The defendant W. E. Hinton contended before the trial judge, and contends here, that he is entitled to have the entire amount of the judgment against R. L. Hinton—$14,500—credited as a payment on his $32,728.01 liability to plaintiff. The trial judge took the view that he was entitled only to the amount actually paid the plaintiff and could not avail himself of the full $14,500 as a credit. This is the only question before the court.

The defendant W. E. Hinton had no interest in the judgment obtained by the plaintiff against R. L. Hinton and no equity in its enforcement, and his own obligations to the bank were neither determined nor affected thereby. Certainly any payment made by R. L. Hinton to the bank would inure to the benefit of both, since it reduced the debt; and, correspondingly, any payment made by the maker, W. E. Hinton, would have a like effect for the same reason. C. S., 3101. But while a release of the maker from his obligation releases the surety or endorser (*Lumber Co. v. Buchanan,* 192 N. C., 771, 136 S. E., 129), since it discharges the debt, and while partial release has the same effect *pro tanto,* the release of the surety or accommodation endorser does not relieve the principal debtor. There is no obligation between the maker and the accommodation endorser that the latter shall pay the debt, and there is no equity in favor of the maker to require that the endorser shall do so. As to the payee or holder in regular course, these are severally, as well as jointly, bound.

The compromise arrangement between the plaintiff and R. L. Hinton was merely a release of the latter as endorser, and doubtless the inducement thereto on the part of the bank was that it was realizing all it reasonably could from the security.

Consolidation of these cases had no effect upon the individual rights of the parties. There is nothing affirmatively appearing in the record from which it could be inferred that the compromise was made in the interest of W. E. Hinton, and no presumption to that effect can be indulged.

The substitution, *pro tanto,* of R. L. Hinton for the bank as subrogated payee did the defendant W. E. Hinton no financial harm, since he is bound for no more than the actual sum paid by his endorser, and is credited by the same amount on his obligation to the bank. *Pace v. Robertson,* 65 N. C., 550. There is no room beyond that for speculation either upon his endorser or upon the bank by reason of the compromise.

The maker of the note, W. E. Hinton, should be morally gratified, and certainly must be legally content, that his accommodation endorser sustained no heavier loss through his default.

The defendant Hinton is entitled to credit only for the amount actually paid, and the judgment is, therefore,

Affirmed.