## STATE v. ERNEST SMITH.

(Filed 21 March, 1945.)

**1. Criminal Law § 42: Evidence § 42b—**

In a prosecution for arson, exclamation of a witness, "E. has set the house on fire," made at the time the fire was discovered on the outside of the house, where the witness had just seen the defendant E., is competent as part of the *res gestæ.*

**2. Criminal Law § 32a—**

Testimony of a witness that, on hearing her daughter screaming, she said to defendant, "E., what in the world is the matter?" and defendant replied that his wife had told a damn lie on him and he had tried to break her damn neck, is competent in a criminal prosecution for arson, defendant being charged with the burning of his mother-in-law's home where his wife and daughter had taken refuge in consequence of marital trouble.

**3. Criminal Law § 53g: Trial § 33—**

Errors in the court's statement of the contentions of the parties must be called to the court's attention in time for the court to have an opportunity to correct them, and a failure to so call them to the court's attention is a waiver of any objection thereto.

APPEAL by defendant from *Burgwyn, Special Judge,* at October Term, 1944, of JOHNSTON.

Criminal prosecution upon indictment charging defendant with the crime of arson. G. S., 14-58.

In the trial court the State offered evidence tending to show these facts: That the two-room house owned and occupied by Lula Stevens, a State's witness and mother of Connie Smith, wife of defendant, situated in Greytown across the river from Smithfield, was burned between 10 and 12 o'clock on the night of 2 September, 1944; that at that time Connie Smith, wife of defendant, and a child of her and defendant, were in bed in the house; that previously Lula Stevens had had the defendant arrested in connection with trouble between him and his wife, and defendant had threatened to get even with her for "putting the law" on him; that during the afternoon before the fire occurred defendant walked up and down the road in front of the house of Lula Stevens, saying nothing, but looking at her and "rolling his eyes"; that he came to the house and asked if his wife were there, and on being told that she had gone to town, he whirled around and left; that later he came back and said to Lula Stevens, "You got my child in your house and I am going to get even with you"; that later on that night Lula Stevens, hearing a noise at the back corner of her house, opened the door and there saw defendant in reaching distance and saw him run into a corn-

field; that in a few minutes fire was discovered in the corner of the house on the outside, and Lula Stevens exclaimed, "Lord, have mercy, Ernie has set the house on fire"; and that she called for others to bring water, repeating "Ernie has set the house on fire."    Exception by defendant.

Also the State was permitted, over objection by defendant, to offer testimony of Lula Stevens that previously, when she had heard her daughter screaming, she had said to defendant, "Ernie, what in the world is the matter?" and he replied, "Connie told Danza a damn lie on me and I tried to break her damn neck."    Exception.

On the other hand, the defendant offered evidence tending to negative the evidence of the State.

Verdict: Guilty of the felony of arson whereof he stands charged in the bill of indictment, but with recommendation that he be sentenced to life imprisonment.

Judgment: Confinement in Central Prison at Raleigh, North Carolina, for the term of his natural life.

Defendant appeals to Supreme Court, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*Levinson, Pool & Batton for defendant, appellant.*

WINBORNE, J.   The exceptive assignments brought forward and debated by defendant in brief on this appeal have been examined and found to be without merit.

First: The evidence as to exclamation of the witness Lula Stevens at the time the fire was discovered on the outside of the house where she had just seen defendant is competent as a part of the *res gestæ.*   The subject has been fully discussed in many decisions of this Court, among which are these: *S. v. Spivey,* 151 N. C., 676, 65 S. E., 995; *Batchelor v. R. R.,* 196 N. C., 84, 144 S. E., 542.   See also 20 Am. Jur., 551, Evidence, sections 661, 662, and cases cited, and *S. v. Lasecki* (Ohio), 106 N. E., 660.

Second: The testimony as to statement of defendant regarding his wife is competent and relevant as tending to show ill will towards the occupants of the house at the time of the fire, and a motive for the act. *S. v. Millican,* 158 N. C., 617, 74 S. E., 107; *S. v. Thompson,* 97 N. C., 496, 1 S. E., 921.

Third: The portions of the charge to which exceptions are taken and pressed for error are statements of contentions of the State.   As to these, an examination of the record on this appeal discloses evidence from

which inferences might reasonably, logically and fairly be made as related by the court. And the record fails to show that any objection thereto was made by defendant at the time the court stated the contentions. Hence, objection thereto is waived. *Mfg. Co. v. R. R.*, 222 N. C., 330, 23 S. E. (2d), 32; *Ward v. R. R.*, 224 N. C., 696, 32 S. E. (2d), 221.

No error.