STATE v. JOE COGDALE.

(Filed 11 December, 1946.)

**1. Criminal Law § 79—**

Assignments of error not set out in appellant's brief are deemed abandoned. Rule of Practice in the Supreme Court, No. 28.

**2. Criminal Law § 52a—**

Where a defendant bases his motions to nonsuit solely on the insufficiency of evidence identifying him as the perpetrator of the crime, the fact that the crime was committed as charged being admitted, testimony of prosecuting witness positively identifying defendant as her assailant is alone sufficient to sustain the overruling of defendant's motions, particularly under the rule that the evidence must be taken most favorably to the State.

**3. Criminal Law § 35—**

In this prosecution for breaking and entering otherwise than burglariously and for assault with intent to commit rape, testimony of prosecuting witness relative to her having called her nephew, whom she knew was not in the house, in order to frighten her assailant, *is held* competent as part of the *res gestæ.*

**4. Criminal Law § 42b—**

The court has the discretionary power to permit the solicitor to ask a witness leading questions.

**5. Criminal Law § 48c—**

A general objection to testimony which is competent for the purpose of corroboration is untenable.

**6. Criminal Law § 79—**

Exceptions to the admission of evidence will be deemed abandoned when appellant's brief fails to point out any ground of objection.

**7. Criminal Law § 81c (3)—**

The admission of evidence, even if incompetent, does not entitle defendant to a new trial when defendant does not make it appear that he was prejudiced thereby.

**8. Criminal Law § 81c (1)—**

Appellant has the burden not only of showing error but also that the alleged error affected his rights substantially and not merely theoretically.

**9. Criminal Law § 81c (4)—**

Where defendant is found guilty on each of two counts charging offenses of the same grade, and the sentences imposed are to run concurrently, error in the trial relating to one count alone is harmless, it being necessary that defendant show prejudicial error relating to both counts before he is entitled to a new trial.

APPEAL by defendant from *Carr, J.,* at June Term, 1946, of CRAVEN.

The defendant was tried upon two bills of indictment, which were consolidated for the purpose of trial. One bill of indictment charged the felonious breaking and entering, otherwise than burglariously, with the intent to commit a felony therein, the dwelling house of one Mrs. Charlie Ipock, and the other bill of indictment charged that the defendant did commit an assault upon Mrs. Ipock, with intent to commit rape. The jury returned a verdict of "guilty of breaking and entering with intent to commit a felony" and "guilty of assault with intent to commit rape," whereupon the court entered judgment that the defendant be confined in the State's Prison on each of said charges for a period of ten (10) years, the said sentences to run concurrently.

From the foregoing judgment the defendant appealed to the Supreme Court, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*H. P. Whitehurst and L. T. Grantham for defendant, appellant.*

SCHENCK, J. In the record the appellant makes fourteen assignments of error, but in his brief he sets out only eleven exceptions, the remain-

ing three exceptions in the record are therefore taken as abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N. C., 562 (563).

The first exception set out in appellant's brief is Exception 17, which relates to the action of the court in overruling the defendant's motion for judgment as in case of nonsuit lodged when the State had introduced its evidence and rested its case, which motion was renewed at the close of all the evidence and likewise overruled. The exception of the defendant to the court's action in each instance is untenable. The defendant in his brief conceded that the crime was committed as related by the prosecutrix, but testified that he knew nothing of such 'crime and was never present at the scene, and relies solely on his alibi, therefore it is only necessary for us to consider whether there was sufficient evidence as to the identity of the defendant as the perpetrator of the crime to overcome the motion for judgment as in case of nonsuit. This evidence appears in the testimony of the prosecuting witness herself, wherein said witness identified the defendant as the person who came into her dwelling and said she was positive of her identification. With this alone, and particularly under the rule that upon motions of this sort the evidence must be taken most favorably to the State, the action of the court in overruling the motion when first lodged and when renewed was correct.

The next exceptive assignments of error set out in appellant's brief are Nos. 1, 2, 9, 10, 12, 13, 14 and 15, which related to statements in the prosecuting witness' testimony relative to her having called her nephew who she knew was not in the house in order to frighten the defendant and cause him to leave. This evidence was competent as part of the *res gestæ*. *S. v. Smith,* 225 N. C., 78, 33 S. E. (2d), 472. Objection is also made that certain questions propounded by the Solicitor to the prosecuting witness were leading. This Court has repeatedly held that as to whether leading questions may be asked is in the discretion of the court. *Bank v. Carr,* 130 N. C., 479, 41 S. E., 876; Lockhart on Evidence, par. 274, p. 325. Certain evidence was objected to generally, which was clearly competent for the purpose of corroborating, which rendered the general objection untenable. Exceptions to certain other evidence noted seem to have been abandoned, as in no respect is it stated in what way they were erroneous. *S. v. Britt,* 225 N. C., 364, 34 S. E. (2d), 408. Certain evidence to the effect that the officers visited the home of one Mrs. Chadwick was objected to and exception noted. However, it does not appear how this evidence was prejudicial to the defendant even if it was irrelevant. Evidence does not constitute reversible error unless it is prejudicial. No prejudice appears in this record, therefore these exceptions cannot be sustained. *S. v. Powell,* 219 N. C., 220, 13 S. E. (2d), 232; *S. v. Page,* 215 N. C., 333, 1 S. E. (2d), 887.

It will be noted that all of the exceptions argued under this general heading relate to the admission of evidence offered by the State which

the defendant claims should have been excluded. A careful study of the evidence assailed in each instance clearly reveals that even if in some instances the evidence was immaterial or irrelevant, or perhaps incompetent, it is not prejudicial to the defendant and he is not entitled to a new trial. This Court has repeatedly held that in order to obtain an award for a new trial on appeal for error committed in a trial of the lower court, the appellant must show error positive and tangible, that has affected his rights substantially and not merely theoretically, and that a different result would have likely ensued. *S. v. Beal,* 199 N. C., 278, 154 S. E., 604; *S. v. Bridges,* 178 N. C., 733, 101 S. E., 29; *S. v. Stancill,* 178 N. C., 683, 100 S. E., 241; *S. v. Payne,* 213 N. C., 719, 197 S. E., 573.

We have examined ·the exceptions in the record taken to the charge and find in them no substantial error.

, The defendant was tried on a bill of indictment containing two counts, each of which constitutes a felony of willfully, unlawfully breaking and entering the dwelling house of Mrs. Charlie Ipock with intent to commit a felony and of assault on Mrs. Charlie Ipock with intent to commit rape, and was found guilty on each count, and was sentenced to the State Prison for a period of ten years on each of said counts to run concurrently. Either count contained in the bill of indictment was sufficient to support the judgment of the court, and when a defendant is charged with two counts in a bill of indictment of separate offenses of the same grade, and the jury returns a verdict of guilty as to both counts, error in the trial of one count is harmless and does not entitle the defendant to a new trial as the verdict on the ·count in which there appears no error is sufficient to support the judgment of the court; it, therefore, follows that in this case prejudicial error must be found as to both counts before the defendant is entitled to a new trial. *S. v. Register,* 224 N. C., 854, 29 S. E. (2d), 464; *S. v. Epps,* 213 N. C., 709, 197 S. E., 580; *S. v. Cody,* 224 N. C., 470, 31 S. E. (2d), 445.

On the record we find no prejudicial error.

No error.