Davis v. Banks

---

SARA H. DAVIS, ADMINISTRATRIX OF THE ESTATE OF SELENA PRESTON WHITLEY, DECEASED v. VIVIAN STEVENS BANKS AND VIERL LEVAN BANKS, JR.

No. 7828SC233

(Filed 20 March 1979)

1. Automobiles § 45 — striking pedestrian — pedestrian's impaired vision — evidence not prejudicial

   In an action to recover damages for the wrongful death of a pedestrian who was struck by defendants' vehicle, plaintiff was not prejudiced by the ad-

mission into evidence of records of the Buncombe County Department of Social Services pertaining to decedent's impaired vision, since that evidence did not affect the jury's determination that the female defendant was not negligent, as there was other evidence admitted without objection as to decedent's impaired vision, and the jury did not reach the question of plaintiff's contributory negligence or that of damages.

**2. Automobiles § 90.7— sudden emergency—instructions proper**

In an action to recover damages for the wrongful death of a pedestrian who was struck by defendants' vehicle, the trial court properly instructed on sudden emergency where the female defendant's evidence tended to show that she was driving along in a careful and prudent manner when plaintiff's intestate suddenly appeared in her lane of travel less than two car lengths away, and she applied her brakes and tried to turn to avoid striking decedent but was unable to do so.

APPEAL by plaintiff from *Baley, Judge.* Judgment entered 17 October 1977 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 9 January 1979.

This is an action to recover damages for the wrongful death of Selena Preston Whitley who was killed as a result of being struck by the defendant's car as she was crossing South French Broad Avenue where it intersects with Phifer Street in Asheville. South French Broad is a two-lane through street running north and south. It is straight and inclines downward slightly from a hill some six hundred feet north of the intersection with Phifer. Phifer is a two-lane street which runs east and west, and on its western end terminates at the intersection with South French Broad. A stop sign directs traffic on Phifer to stop at the intersection. The speed limit was thirty-five miles per hour. The female defendant was driving the car owned by the male defendant. The accident occurred around 10:30 p.m. on 20 June 1974. The evidence tends to show that the defendant was proceeding south on South French Broad Avenue at a speed of twenty-five to thirty miles per hour. Her lights were on dim and, as she approached the intersection, she slowed down. She noticed two men to her left and then saw Mrs. Whitley when she was about one and a half car lengths away. She applied her brakes and tried to turn to her left but was unable to avoid striking Mrs. Whitley. She did not blow her horn. Mrs. Whitley had been walking westward on Phifer Street, was crossing South French Broad Avenue, and was within four to five feet of the west side of South French Broad Avenue when she was hit. The evidence was conflicting as to

whether Mrs. Whitley was within an imaginary crosswalk formed by the extension of the sidewalk along the southern side of Phifer Street or whether she was north of that crosswalk. The evidence disclosed that Mrs. Whitley was suffering from glaucoma.

Issues of negligence and contributory negligence were submitted to the jury. They found that the defendant was not negligent. The trial court denied the plaintiff's motions to set aside the verdict and grant a trial. Plaintiff appealed.

*Morris, Golding, Blue and Philips, by Steven Kropelnicki, Jr., for plaintiff appellant.*

*Van Winkle, Buck, Wall, Starnes, Hyde and Davis, by Larry McDevitt and Howard L. Gum, for defendant appellees.*

VAUGHN, Judge.

[1]  Plaintiff first contends that the trial court erred in admitting an exhibit of records of the Buncombe County Department of Social Services pertaining to the condition of the decedent's eyes. Plaintiff contends that this evidence was irrelevant and immaterial. Plaintiff concedes, however, that there was other evidence, admitted without objection, that tended to show that decedent was suffering from impaired vision and had undergone treatment for that condition. Even if we were to concede that some of the matters set out in the exhibit were incompetent, we would nevertheless conclude that plaintiff was not prejudiced thereby with respect to the jury's answer to the first issue—that of defendant's negligence. The jury, of course, did not reach the question of plaintiff's contributory negligence or that of damages. " '[I]n order to obtain an award for a new trial on appeal for error committed in a trial of the lower court, the appellant must show error positive and tangible, that has affected his rights substantially and not merely theoretically, and that a different result would have likely ensued.' " *State v. Cross*, 284 N.C. 174, 178, 200 S.E. 2d 27, 30 (1973) (quoting *State v. Cogdale*, 227 N.C. 59, 62, 40 S.E. 2d 467, 469 (1946) ). This assignment of error is overruled.

[2]  In another assignment of error plaintiff argues that the judge erred when he instructed the jury on the law as it applies to a motorist who is faced with a sudden emergency. Plaintiff first argues that if there was a sudden emergency, it was created

by defendant's own negligence. She further argues that she did not contend that defendant was negligent after being confronted with the emergency. The assignment of error is without merit. It is the duty of the judge to declare and explain the law arising on the evidence, including the evidence of defendant. Defendant's evidence tended to show that she was driving along in a careful and prudent manner when plaintiff's intestate suddenly appeared in her lane of travel less than two car lengths away. She applied her brakes and tried to turn to her left to avoid striking plaintiff's intestate but was unable to do so. When plaintiff's allegations and evidence are considered along with defendant's evidence, there were questions of fact for the jury as to whether defendant's negligence created the emergency as well as whether she was negligent after she was faced with the emergency. The assignment of error is overruled.

Plaintiff's final assignment of error addresses the failure of the trial judge to grant her motion to set aside the verdict and for a new trial. The denial of this motion is within the trial court's discretion and, absent a showing of an abuse of this discretion, will not be disturbed. *State Highway Commission v. Hemphill,* 269 N.C. 535, 153 S.E. 2d 22 (1967).

Affirmed.

Judges HEDRICK and CLARK concur.