STATE v. NAPOLEON JONES.

(Filed 25 May, 1938.)

**1. Criminal Law § 53g—**

An assignment of error to the statement of the contentions cannot be sustained in the absence of an exception entered at the time.

**2. Gaming § 5—Evidence held sufficient to be submitted to jury on charge of operating a lottery.**

Evidence that numerous lottery tickets and lottery ticket books were found in the store operated by defendant is sufficient to be submitted to the jury in a prosecution under C. S., 4428, and defendant's contention that there was no evidence that he was in charge of the store is untenable when the record discloses that several witnesses referred to the *locus in quo* as defendant's place of business.

**3. Gaming § 4—**

The possession of lottery tickets sufficient to raise *prima facie* evidence of the violation of C. S., 4428, need not be actual physical possession, and they need not be found on defendant's person, it being sufficient if they are found in his place of business under his control.

APPEAL by defendant from *Pless, Jr., J.,* at January Term, 1938, of GUILFORD. No error.

This is a criminal action instituted in the municipal court of the city of Greensboro by warrant charging that the defendant did unlawfully, willfully open up, set on foot and operate a lottery in violation of C. S., 4428. From a judgment of guilty in the municipal court the defendant appealed to the Superior Court.

On 10 November, 1937, officers searched the building occupied by the defendant and in which he operated a business known as the Sweet Shop. They found a paper sack containing lottery tickets under the stove. They also found two new books of tickets in the showcase in a box and one book under a cigar box in the showcase. William Day and Alex McConnell were in the front of the store and one of them was copying from one of the lottery ticket books. William Stevenson ran out the

back door. A few minutes after the officers made the search the defendant appeared, but no tickets were found on his person.

The cause was submitted to the jury, which, for its verdict, found that the defendant is guilty as charged. From judgment pronounced thereon the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Willis for the State.*
*Stern & Stern and R. D. Douglas, Jr., for defendant, appellant.*

BARNHILL, J. The defendant excepts to certain portions of the charge. These exceptive assignments of error are directed to the alleged erroneous statement of contentions and no exception was entered at the time. These assignments cannot be sustained.

The only other exceptive assignment of error is directed to the refusal of the court to grant the defendant's motion as of nonsuit entered at the conclusion of the State's evidence, the defendant having offered no evidence in rebuttal. In support of this contention the defendant insists that the evidence tended only to show that he was the legal owner of a store in the business district of the colored section of Greensboro in which lottery tickets were found and that there was no evidence showing that the defendant had anything whatsoever to do with said store other than that he was the legal owner thereof. That is, the defendant contends that there is no evidence tending to show that the defendant was operating said place of business. This contention is not supported by the record. Witnesses testified: "The defendant Jones was not at his place of business when I arrived." "It is called the Sweet Shop. He (the defendant) sells cigarettes and cigars, candy, cold drinks and shoeshines." "I, with other officers, went to the place of business of the defendant." "It was in Napoleon Jones' place of business." "The defendant came into his place of business less than ten minutes after Mr. Taylor and I arrived." "Napoleon Jones came into his place of business about the time that we got up to the front door where officers Murphy and Taylor were." This evidence was amply sufficient to support a finding that the defendant was in actual charge of the place of business in which lottery tickets were found.

C. S., 4428, after defining the crime for the commission of which the defendant stands indicted, provides: ". . . and the mere possession of such tickets shall be *prima facie* evidence of the violation of this section." Under this section it is not necessary for the State to show that the defendant had lottery tickets in his actual possession and upon his person at the time charged. Personal property is in the possession of a person whenever it is in his custody and control and subject to his disposition. This Court has repeatedly held, in cases involving the

21—213

unlawful possession of intoxicating liquors, that where the evidence discloses that liquor was found upon premises owned or in the possession of the defendant and frequented by him in such manner and to such an extent that it is reasonable to conclude that it is probable that he had knowledge of the presence of such property upon his premises, it is sufficient evidence to be submitted to a jury for it to determine whether the defendant in fact was in possession of such property or knowingly permitted it to be and remain upon his premises. Here, others were openly in possession of butter and egg lottery tickets in defendant's place of business, and two unused books of tickets were found in a box in his showcase and another book was found under a cigar box in the showcase. This evidence is uncontradicted and was amply sufficient to justify the submission of the case to the jury.

The court properly denied defendant's motion for judgment as of nonsuit. In the trial below we find

No error.