STATE OF NORTH CAROLINA v. HAROLD THOMPSON.

(Filed 16 June, 1966.)

**1. Criminal Law § 127—**
   After a conviction or plea, the court has the power to pronounce judgment and place it into immediate execution, or to pronounce judgment and suspend or stay its execution, or to continue prayer for judgment; where no conditions are imposed, the court has the power to continue prayer for judgment with or without defendant's consent.

**2. Criminal Law § 154—**
   An assignment of error not supported by an exception in the record will not be considered on appeal.

**3. Criminal Law §§ 131, 135—**
   In a hearing to determine what punishment should be imposed upon defendant, the court is not confined to evidence relating to the offense charged, but, within reasonable limits, may consider any other facts calculated to enable the court to act wisely in fixing judgment.

**4. Same—**
   Active sentence was imposed upon defendant's plea of guilty on indictments consolidated for judgment, and as to other consolidated indictments prayer for judgment was continued. *Held:* Upon prayer for judgment it is proper for the court to consider defendant's prison record while serving the active sentence in determining proper sentence upon the prayer for judgment.

**5. Criminal Law § 135—**

The requirements of G.S. 15-200.2 that the solicitor serve upon defendant a bill of particulars relates to the execution of a suspended sentence and has no application to entry of judgment upon motion of the solicitor when prayer for judgment had been continued.

MOORE, J., not sitting.

APPEAL by defendant from *Latham, S.J.,* December 1965 Criminal Session of ALAMANCE.

These facts appear of record and are unchallenged: At the January 1964 Criminal Session of Alamance, defendant stood indicted for forging and uttering 20 checks in amounts varying from $31.69 to $65.83. These charges were contained in 20 separate bills of indictment numbered 2 to 13 inclusive and 63 to 70 inclusive. Defendant was represented by competent counsel, who advised him completely in the premises. After due deliberation, and with full awareness of the possible consequences, defendant entered a plea of guilty to each bill of indictment. Cases numbered 2 through 13 were consolidated for judgment, and defendant was sentenced to the State's prison for a term of 5 years. In cases numbered 63 through 70, the minute entry was, "Let prayer for judgment be continued for three years."

During the December 1965 Criminal Session, on December 7, 1965, the solicitor informed counsel for defendant that he would pray judgment in cases numbered 63 through 70 (then renumbered 105 through 112). The matter was heard on December 9, 1965, at which time defendant and his counsel "indicated that they were ready to proceed."

The solicitor examined Major B. F. Turner, a division superintendent of the North Carolina Prison Department, with reference to defendant's prison record since his commitment in January 1964. Without objection, Major Turner testified to various infractions of prison rules and regulations by defendant since that date. Thereafter, defendant testified in explanation and in contradiction of the violations shown on his prison record. Consolidating cases 105 through 112 for judgment, the court sentenced defendant to a term of 8-10 years in the State's prison, this sentence to begin at the expiration of the 5-year sentence imposed in January 1964 in cases 2 through 13. From this judgment defendant appeals.

*T. W. Bruton, Attorney General, and Theodore C. Brown, Jr., Staff Attorney for the State.*
*Fred Darlington, III, for defendant appellant.*

PER CURIAM. After a conviction or a plea, the court has power: (1) to pronounce judgment and place it into immediate execution; (2) to pronounce judgment and suspend or stay its execution; (3) to continue prayer for judgment. *State v. Griffin,* 246 N.C. 680, 100 S.E. 2d 49. In this case, at the time of defendant's pleas of guilty, the court followed procedure (1) in twelve of the cases; in the remaining eight cases, procedure (3). Since, in continuing prayer for judgment in the eight cases, the court imposed no terms or conditions, it had the right to impose judgment at any time within the specified 3-year period. "It is sometimes found to be expedient, if not necessary, to continue a prayer for judgment and when no conditions are imposed, the judges of the Superior Court may exercise this power with or without the defendant's consent." *State v. Graham,* 225 N.C. 217, 219, 34 S.E. 2d 146, 147.

On appeal here, defendant contends, for the first time, that his Honor erred in permitting Major Turner to testify with reference to alleged acts of misconduct by him in prison. An assignment of error which is not supported by an exception in the record will not be considered on appeal. *Suits v. Insurance Co.,* 241 N.C. 483, 85 S.E. 2d 602. Nevertheless, we point out that in determining what punishment should be imposed upon a defendant, a court is not confined to evidence relating to the offense charged. "It may look anywhere, within reasonable limits, for other facts calculated to enable it to act wisely in fixing punishment. Hence, it may inquire into such matters as the age, character, the education, the environment, the habits, the mentality, the propensities, and the record of the person about to be sentenced." *State v. Cooper,* 238 N.C. 241, 244, 77 S.E. 2d 695, 698.

Defendant also contends that the sentence from which he appeals is illegal because the solicitor failed to serve upon him a bill of particulars setting forth the time, the place, and the manner in which it was contended that he had violated prison rules and regulations. He relies upon G.S. 15-200.2 which requires a solicitor, before praying that a *suspended sentence* be put into effect, serve upon defendant a bill of particulars setting forth the time, place, and manner in which the terms of the suspended sentence are alleged to have been violated. The answer to this contention is that G.S. 15-200.2 applies only to sentences which have been *suspended* upon specified terms and conditions. When prayer for judgment has been continued, G.S. 15-200.2 does not require that the solicitor, before

praying judgment, shall serve defendant with a bill of particulars setting forth his reasons for doing so.

Upon the grounds stated, the judgment is

Affirmed.

MOORE, J., not sitting.