JERRY S. LAUGHTER v. JAMES LEON LAMBERT AND QUALITY
TRANSPORT COMPANY

No. 7129DC63

(Filed 28 April 1971)

1. **Rules of Civil Procedure § 52— trial by court without a jury**

   When trial by jury is waived and issues of fact are tried by
   the court, the court is required to find the facts specially and state
   separately its conclusions of law thereon and direct the entry of the
   appropriate judgment. G.S. 1A-1, Rule 52.

2. **Automobiles § 58— automobile accident — negligence in turning across
   traffic lane — sufficiency of evidence**

   Plaintiff's evidence was sufficient to support trial court's find-
   ings and conclusions that defendant truck driver was negligent in
   turning his tractor-trailer truck from the right-hand lane across the
   left-hand lane without seeing that such turn could be made in safety
   and without seeing that the plaintiff's vehicle was being operated in
   the left lane.

3. **Rules of Civil Procedure § 52— trial by court without a jury — dis-
   crepancies and contradictions in evidence**

   Credibility, contradictions, and discrepancies are all matters to
   be resolved by the trier of the facts.

APPEAL by defendants from *Gash, District Judge,* 12 August
1970 Session of HENDERSON District Court.

This is a civil action in which plaintiff seeks to recover
damages for personal injuries sustained by him on 17 June 1969
when his automobile collided with a tractor-trailer owned by the
corporate defendant and being driven by its employee, the in-
dividual defendant. The collision occurred at approximately
10:30 a.m. on U. S. Highway 29 in Cabarrus County at a point
approximately one and a half miles south of Concord. At that
point the highway runs generally north and south and is a four-
lane paved highway, with two lanes for northbound and two
lanes for southbound traffic, with a median separating the
northbound lanes from the southbound lanes. The northbound
lanes together have a width of approximately twenty-four feet,
each traffic lane being approximately twelve feet wide, and the
median is approximately twenty-five feet wide. At or near the
point of collision there is a crossover to permit traffic to move
across the median. The collision occurred when defendants'
tractor-trailer, traveling north on the highway, slowed and com-
menced to turn left into the median crossover. Plaintiff's auto-

mobile, also traveling north on the highway, collided with the tractor-trailer, the front end of the plaintiff's automobile striking the left side of the tractor.

The case was tried by the judge without a jury upon pleadings raising issues of negligence, contributory negligence, and damages. Evidence was introduced by plaintiff and defendants. On direct examination plaintiff testified:

"It was cloudy; as I recall it was not raining; the roads were dry.

\*    \*    \*    \*    \*

"When I first saw the defendant's vehicle I was operating my vehicle at approximately fifty-five miles per hour. Defendant's vehicle was traveling at 10 to 15 miles per hour. My vehicle approached his. I had been in the left lane. I had passed a couple of cars and I came over a little hill, a little knoll, and as I did so I saw the truck operated by the defendant in the right lane. I stayed in the left lane and started to pass. From the time I first saw the truck I saw no turn signal on it. I did not pass completely. As I drew up beside it and got close to the front of the cab, immediately he began to turn left directly in front of me. I applied my brakes. I didn't have a lot of time to swerve into the median. I turned just a little bit and my car made contact with the front right in the middle where the gas tank sits on the truck, somewhere in that vicinity, right in the middle of it, the tractor part. Right in the middle of the part that pulled the cab. I struck no part of the trailer.

"This collision took place in the vicinity of the crossover and defendant's vehicle appeared to be turning into the crossover.

"From the first time I saw defendant's vehicle until he turned it off, it was in the right-hand lane. . . ."

Defendants presented the testimony of the highway patrolman who investigated the collision, the individual defendant who was driver of the tractor-trailer, and of two independent eyewitnesses. One of the eyewitnesses was in a truck driving north on the highway following the two vehicles involved in the collision and the other eyewitness was driving south in one of the southbound lanes of the highway opposite the point of the

collision. The testimony of these witnesses indicated that defendants' tractor-trailer was proceeding in the left-hand or inner northbound lane as it approached the crossover, that the left turn signal lights on the tractor were operating, that plaintiff's following automobile was moving at a speed in excess of 55 miles per hour, that it had been raining and the asphalt surface of the highway was wet, that plaintiff's automobile was swaying and was skidding, that plaintiff's vehicle had traveled partially on the shoulder of the dirt median, and that the collision occurred right in the crossover.

The court entered judgment making detailed findings of fact, including the following:

"7. That at this time, the Plaintiff proceeded to pass the Defendant company's truck, which truck was being operated in the right-hand lane by the Defendant, James Leon Lambert, and the Plaintiff's vehicle was being operated in the left-hand northbound lane; that when the Plaintiff's vehicle was approximately abreast with the fuel containers on the cab of the Defendant company's tractor-trailer, the Defendant, James Leon Lambert, proceeded to operate said truck so as to turn from the right-hand northbound lane in which he had been traveling across the path of the left-hand northbound lane and through a break in the median separating the northbound and southbound lanes of traffic on U. S. Highway No. 29; that in making said turn, the Defendant, James Leon Lambert, moved suddenly and without warning to the Plaintiff and placed the cab of his tractor-trailer across the left-hand northbound lane in which the Plaintiff was traveling.

"8. That the Plaintiff, upon seeing the Defendant, James Leon Lambert, make this turn, applied his brakes and turned his vehicle slightly to the left; that the Plaintiff's vehicle collided with the Defendant company's truck with the front of the Plaintiff's vehicle striking the cab of the Defendant's tractor-trailer at the point on the left-hand side at the approximate location of the fuel tanks, on the cab, this collision taking place in the left-hand northbound lane."

Based on its findings of fact, the court made conclusions of law, including that the plaintiff was without fault in operating his motor vehicle and that the defendant driver was neg-

ligent in that he turned his tractor-trailer truck from the right-hand lane across the left-hand lane without seeing that such turn could be made in safety and without seeing that the plaintiff's vehicle was being operated in that lane, in that he did not keep a proper lookout, and in that he failed to yield the right-of-way to the plaintiff's vehicle. The court also made findings and conclusions as to the extent and proximate cause of plaintiff's injuries and awarded judgment for plaintiff in accordance with its findings and conclusions. Defendants appealed.

*Boyd B. Massagee, Jr., for plaintiff appellee.*

*Clarence N. Gilbert for defendant appellants.*

PARKER, Judge.

[1] By appropriate exceptions and assignments of error appellants challenge the sufficiency of the evidence to withstand their motions for dismissal and to support the trial court's findings of fact Nos. 7 and 8 and the conclusions of law and resulting judgment based thereon. When trial by jury is waived and issues of facts are tried by the court, the court is required to "find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." Rule 52(a)(1) of the Rules of Civil Procedure. In such case the court's findings of fact "have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain a finding to the contrary. . . . The trial judge becomes both judge and juror, and it is his duty to consider and weigh all the competent evidence before him. . . . He passes upon the credibility of the witnesses and the weight to be given their testimony and the reasonable inferences to be drawn therefrom. If different inferences may be drawn from the evidence, he determines which inferences shall be drawn and which shall be rejected." *Knutton v. Cofield*, 273 N.C. 355, 160 S.E. 2d 29.

[2, 3] In our opinion, plaintiff's evidence was sufficient to support the challenged findings of fact; hence, this Court is bound by them. Appellants' counsel strenuously contends that plaintiff's testimony should be discredited because of discrepancies developed on cross-examination and because it was directly contradicted by the testimony of defendants' inde-

---

Blackmon v. Decorating Co.

---

pendent eyewitnesses. However, credibility, contradictions, and discrepancies are all matters to be resolved by the trier of the facts. Since there was competent evidence to support the trial court's findings of fact and these in turn support its conclusions of law and the judgment entered thereon, the judgment appealed from is

Affirmed.

Chief Judge MALLARD and Judge VAUGHN concur.