CLAUDE McMICHAEL v. BOROUGH MOTORS, INC.

No. 7226SC30

(Filed 24 May 1972)

1. Contracts § 5; Master and Servant § 8— employment contract — requisites

While a contract for service must be certain and definite as to the nature and extent of the service to be performed, the place of performance, the person to whom it is to be rendered and the compensation to be paid, it is not necessary that all of the terms of such contract be reduced to writing.

**2. Contracts § 27; Master and Servant § 8— employment contract — letter — oral testimony**

Testimony by plaintiff that defendant's president offered him $700 a month salary with a guarantee of $1000 and 5% of the vehicle selling gross to be manager of defendant's used car department and in charge of all employees of that department, that plaintiff told defendant's president that he was unwilling to accept defendant's offer without a two-year contract, and that defendant's president told the sales manager to handle the matter any way he wanted, when considered with a letter from the sales manager to plaintiff stating, "Effective this date April 24, 1967 and for the next two consecutive years, you are to be placed on the payroll at $700 per month, plus 5 percent of vehicle selling gross—with a guarantee of $1,000 per month," *held* sufficient to establish all of the essential elements of a two-year employment contract.

**3. Contracts § 27; Master and Servant § 9— employment contract — breach by employer**

Plaintiff's evidence was sufficient to support a finding that defendant employer breached an employment contract where it tended to show that plaintiff terminated his employment with defendant because his pay was substantially reduced and he was advised by defendant's president that defendant would not abide by the terms of the contract under which plaintiff was employed.

**4. Appeal and Error § 57— nonjury trial — review of court's findings**

Where issues of fact are tried by the court without a jury, the trial judge becomes both judge and jury, and his findings of fact, if supported by competent evidence, are as conclusive on appeal as the verdict of a jury.

APPEAL by defendant from *Blount, Special Judge,* 19 April 1971 Schedule "A" Session of Superior Court held in MECKLENBURG County.

Action to recover for breach of employment contract tried by the court without a jury.

Both parties presented evidence and the court made findings of fact, which are summarized:

(1) Defendant, an automobile dealership, employed plaintiff to be its used car manager in Charlotte for the two-year period of 24 April 1967 to 24 April 1969.

(2) The following terms of the employment contract were reduced to writing and signed by William Scott, General Sales Manager of defendant:

McMichael v. Motors, Inc.

"April 24, 1967

To—Mr. Claude McMichael

Effective this date *April 24, 1967*, and for the next two consecutive years, you are to be placed on the payroll at $700 per month, plus 5 percent of vehicle selling gross— with a guarantee of $1,000 per month. Also, you may have the privilege of two Company cars; one for your home and one for your personal use while employed at Borough Lincoln-Mercury, Inc., Charlotte, North Carolina.

Signed: William Scott
General Sales Manager"

(3) Other essential terms of the contract, including the nature of the services to be performed by plaintiff, were oral.

(4) Plaintiff performed services in accordance with the contract from 24 April 1967 until 14 February 1968 and defendant paid plaintiff in full for services during this period.

(5) On 14 February 1968, defendant, through its president R. B. Borough, advised plaintiff that he was making too much money and that the decision had been made to reduce his pay, eliminate the guaranty from his contract, and to pay him in a different manner from that provided by his contract. When plaintiff stated that he expected defendant to live up to its contract respecting his pay, Borough replied that the contract was not worth the paper it was written on and ordered plaintiff to leave if he didn't like it. Plaintiff left and did not thereafter work for defendant.

(6) The total amount that would have been payable to plaintiff under the terms of the contract for the period of 24 April 1967 to 24 April 1969 had plaintiff remained in defendant's employment would have been $34,990.56. Plaintiff was paid by defendant during this period $9,810.57 and earned through other employment the net  amount of $12,695.93.

(7) Defendant required plaintiff to relinquish the use of one of the two company cars furnished under the contract for plaintiff's personal use in September, 1967. (The court concluded, however, that plaintiff waived this violation of the contract by continuing his employment.)

Conclusions of law arising on the foregoing findings were made by the court and judgment that plaintiff recover $12,484.06, plus interest from 24 April 1969, was entered.

*Ray Rankin for plaintiff appellee.*

*Wade and Carmichael by J. J. Wade, Jr., and Wardlow, Knox, Caudle & Knox by Charles E. Knox for defendant appellant.*

GRAHAM, Judge.

Defendant contends the evidence was insufficient to show the nature and extent of the services to be performed by plaintiff as consideration for the compensation promised in the letter from defendant's sales manager, dated 24 April 1967 and introduced in evidence as plaintiff's Exhibit 1.

[1]  "A contract for service must be certain and definite as to the nature and extent of the service to be performed, the place where, and the person to whom it is to be rendered, and the compensation to be paid, or it will not be enforced." *Croom v. Lumber Co.,* 182 N.C. 217, 108 S.E. 735. It is not necessary, however, that all of the terms of a contract for services be reduced to writing. "Except when forbidden by the Statute of Frauds, a contract may be oral, or partly written and partly oral." 2 Strong, N. C. Index 2d, Contracts, § 5, p. 298.

Plaintiff testified that in March of 1967 he came from his home in Florida to Charlotte to discuss employment with defendant's president, R. B. Borough, and William Scott, defendant's General Sales Manager. Borough showed plaintiff around the city and where defendant's "new" dealership would be located. Plaintiff testified: "He (Borough) made me a proposition of $700.00 a month salary with guarantee of $1,000.00 and 5% of the vehicle selling gross, in return for which I would be his used car manager in charge of the used car department and all the employees of that department." Plaintiff told Borough and Scott that because of the expense of moving from Florida to Charlotte he was unwilling to accept defendant's offer without a two-year contract. At this point Borough left the meeting, telling Scott to handle the matter any way he wanted to as Borough had to go to a golf game. Plaintiff returned to Florida and about three weeks later received the letter (plaintiff's Exhibit 1) from Scott. The letter was dated

McMichael v. Motors, Inc.

24 April, the date plaintiff was to report for work, but was actually received by plaintiff sometime before that date. Plaintiff went to work for defendant as its used car manager on 24 April 1967 and worked in this capacity for the compensation outlined in Scott's letter until his employment was terminated 10 months later.

[2] When the oral testimony of plaintiff is considered, together with plaintiff's Exhibit 1, the evidence is sufficient to establish every essential element of the contract under which plaintiff seeks recovery. Actually defendant does not contest any of the terms of the contract except the provision in the letter setting forth the duration of employment as two years. Defendant's evidence was that the letter from Scott was never authorized and that plaintiff was never offered a specific period of employment. However, the evidence on this question was conflicting and it therefore became a matter for the judge to determine.

[3] Defendant also contends that the evidence does not support the court's finding that defendant breached the contract. Defendant's evidence tended to show that plaintiff voluntarily terminated his employment for personal reasons. On the other hand, plaintiff's evidence tended to show that the termination came about because his pay was substantially reduced and he was advised by defendant's president that defendant would not abide by the terms of the contract under which plaintiff was employed. This conflicting evidence presented an issue of fact for the court.

[4] Where issues of fact are tried by the court without a jury, the trial judge becomes both judge and jury, and his findings of fact, if supported by competent evidence, are as conclusive on appeal as the verdict of a jury. *Coggins v. City of Asheville,* 278 N.C. 428, 180 S.E. 2d 149; *Laughter v. Lambert,* 11 N.C. App. 133, 180 S.E. 2d 450.

Here there is evidence to support each of the court's findings of fact. We are bound by these findings even though there is also evidence which would support contrary findings. *Laughter v. Lambert, supra.*

Affirmed.

Judges CAMPBELL and BRITT concur.