STATE OF NORTH CAROLINA v. JAMES EARL DAWSON

No. 748SC800

(Filed 20 November 1974)

1. Searches and Seizures § 1— seizure without warrant — article in plain view in car

A paper bag and its contents of lottery tickets and money were properly seized from defendant's car without a warrant where defendant was arrested for assault with a deadly weapon, defendant requested that an officer take his automobile to the police station, when the officer entered the car he saw a paper bag on the floorboard and through the open top of the bag saw currency and envelopes with numbers on them, and the officer suspected that the bag contained lottery paraphernalia.

2. Gambling § 3— promoting lottery — sufficiency of evidence

The State's evidence was sufficient for the jury on the issue of defendant's guilt of promoting a lottery in violation of G.S. 14-290 where it tended to show that lottery tickets were found on the floorboard of the car defendant was driving.

3. Criminal Law § 138— sentencing hearing — hearsay testimony — reputation as heroin dealer

The trial court did not err in allowing hearsay testimony of defendant's reputation for dealing in heroin at defendant's sentencing hearing upon his conviction for promoting a lottery since wide latitude is given the trial court in the sources and types of evidence which may be considered in determining punishment.

APPEAL by defendant from *Webb, Special Judge,* 29 April 1974 Session of Superior Court held in WAYNE County.

Defendant was charged in two warrants, one for promoting a numbers lottery in violation of G.S. 14-290 and the other for selling lottery tickets in violation of G.S. 14-291.1.

Defendant was originally arrested by police pursuant to an outstanding warrant for assault with a deadly weapon. Shortly after defendant was arrested, an officer saw lottery paraphernalia in the automobile that defendant was driving at the time of the arrest. The officer had entered the automobile with defendant's permission in order to remove it from the street. Defendant offered no evidence.

The jury found defendant guilty of promoting a lottery. He was found not guilty of the charge of selling lottery tickets. Judgment imposing an active six months' sentence was entered.

*Attorney General James H. Carson, Jr., by Associate Attorneys C. Diederich Heidgerd and Robert W. Kaylor, for the State.*

*R. G. Braswell for defendant appellant.*

VAUGHN, Judge.

[1]  Defendant contends that the court erred in denying his motion to suppress evidence of the paper bag and its contents of lottery tickets and money found in defendant's car. He contends that the contents of the bag should not have been admitted into evidence because they were obtained by an unreasonable search.

In a *voir dire* examination, the court made the following relevant findings of fact which are supported by competent evidence. On 1 September 1972, police officers stopped defendant pursuant to a warrant for assault with a deadly weapon. Defendant requested that one of the officers take the automobile defendant was driving to the police station. When the officer entered the automobile "he saw on the righthand floorboard a paper bag which was open at the top and which was showing currency and envelopes with numbers written on them." Defendant had a reputation for involvement in lotteries and the officer was suspicious that the contents of the bag were lottery paraphernalia. After consulting with his superior, the officer returned to the car and seized the bag and its contents. Based upon this, the court concluded that the officer " . . . cou'd see the contents of the paper bag without opening it and that under these conditions no search warrant was necessary for him to take the bag and its contents." Defendant's motion to suppress the evidence was denied and the contents of the bag were admitted into evidence.

Evidence obtained by unreasonable search is inadmissible in the courts. However, " . . . the constitutional guarantee against unreasonable search and seizure does not prohibit the seizure and introduction into evidence of contraband materials when they are in plain view and require no search to discover them [citations]." *State v. Allen,* 282 N.C. 503, 507, 194 S.E. 2d 9, 13.

Here, there is sufficient evidence that defendant gave the officer permission to enter the automobile and that while in the automobile, the officer, without any search, observed the bag

and its contents. For this and other reasons, the seizure of the bag and its contents was proper and the contents of the bag were properly admitted into evidence. *See State v. Allen, supra.*

**[2]** Defendant asserts that the court erred in denying his motion to dismiss at the close of the State's evidence. Under G.S. 14-290, possession of lottery tickets is prima facie evidence of the violation of this section. It is not necessary that defendant be in actual physical possession of the lottery tickets, and they need not be found on defendant's person. It is sufficient if they are found within his custody and control and subject to his disposition. *State v. Jones,* 213 N.C. 640, 197 S.E. 152. Here, the tickets were on the floorboard of the automobile which defendant was driving. Defendant had sufficient custody and immediate power of control to constitute the possession thereof. The evidence was sufficient to support the inference that the tickets were those used in the operation of a lottery. The evidence, therefore, was sufficient to take the case to the jury.

**[3]** Defendant asserts that the court erred in allowing hearsay testimony against defendant's character at a sentencing hearing. The testimony related to defendant's reputation for dealing in the heroin traffic. Defendant was given full opportunity to cross-examine and to discredit the testimony. "A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *State v. Pope,* 257 N.C. 326, 335, 126 S.E. 2d 126, 133. Different evidentiary rules govern trial and sentencing procedures. Wide latitude is given the trial judge in the sources and types of evidence he may consider to help him determine the kind and extent of punishment that should be imposed. The assignment of error is overruled.

Careful consideration of each of defendant's assignments of error leads us to the conclusion that he has had a fair trial, free from prejudicial error.

No error.

Judges CAMPBELL and BRITT concur.