FREDERICK M. WILSON v. J. A. TURNER, JR.

No. 7526SC919

(Filed 7 April 1976)

1. **Uniform Commercial Code § 30— successive indorsers — order of liability**

   The evidence was sufficient to support the court's findings that there was no agreement between two indorsers of a note that they would be jointly and severally liable and that the indorsers were liable in the order in which they indorsed the note. G.S. 25-3-414(2).

2. **Uniform Commercial Code § 25— successive indorsers — same transaction — order of liability**

   Even if it was intended that both plaintiff and defendant should indorse a note before the loan was closed, it does not follow that plaintiff and defendant indorsed the note "as part of the same transaction" within the meaning of G.S. 25-3-118(e) so as to make them jointly and severally liable since that statute did not change the rule that indorsers are presumed to be liable in the order in which their signatures appear on the instrument.

APPEAL by plaintiff from *Falls, Judge.* Judgment entered 25 June 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 10 March 1976.

In his complaint plaintiff alleged that on 25 October 1967 he and defendant indorsed a note for $27,900. The note was executed by Landmark Inns of Charlotte, Inc. to the Bank of Commerce, and it was a renewal of an earlier note. Plaintiff also alleged that he and defendant had agreed that they would be jointly liable for $13,500, while plaintiff would be primarily liable for the balance. In April 1968 plaintiff paid the note and this action is to collect one-half the $13,500. Defendant admitted that he indorsed the note but denied that he was liable to plaintiff for any amount.

The case was tried without a jury and plaintiff's evidence was as follows:

On 27 November 1963 Landmark Inns of Charlotte, Inc. (Landmark) executed a note to the Bank of Charlotte for $22,500, and plaintiff and defendant signed the note on the back. This note was renewed and reduced as payments were made by Landmark. In December 1965 Landmark executed a renewal note for $12,500 and both parties again signed on the back.

In February 1964 Landmark executed a $3,000 note to the Bank of Commerce which plaintiff did not indorse. This note was perodically renewed and increased as additional loans were made. Plaintiff signed some of the renewal notes. On 25 October 1967 Landmark executed a renewal note to the Bank of Commerce for $27,900, and plaintiff and defendant signed it on the back. Plaintiff signed before defendant, and his signature appears above defendant's signature.

On 4 April 1966 plaintiff and defendant signed an "Indemnification Agreement" in which they "guaranteed" the payment of a $12,500 note from Landmark to the Bank of Charlotte, and a $16,000 note from Landmark to the Bank of Charlotte. This agreement stated that the parties had orally agreed that plaintiff should be primarily liable for these debts and the parties desired to reduce their agreement to writing, and it was agreed that plaintiff would indemnify defendant for any liability defendant might incur in connection with the two notes.

On 15 March 1967 the parties signed a "Stipulation and Agreement" which provided that they had "guaranteed" payment of a $12,500 note from Landmark to the Bank of Charlotte and a $29,500 note from Landmark to the Bank of Commerce. It further provided that plaintiff had agreed to be primarily liable for the $12,500 note and $16,000 of the $29,500 note, but that a dispute had arisen as to the remaining $13,500; and that each would thereafter be free to "guarantee" renewals of the $29,500 note without waiving any claims against the other.

Plaintiff personally paid the October 1967 note to the Bank of Commerce on 2 April 1968.

Defendant offered evidence to show that he signed the 25 October 1967 note after plaintiff signed it, and that he never agreed to be jointly liable with plaintiff for any portion of Landmark's debt.

The court found that defendant had not agreed to be jointly liable and that plaintiff and defendant did not indorse the note as part of the same transaction. It concluded that the parties were liable in the order of their indorsement, and judgment was entered for defendant. Plaintiff appealed to this Court.

Wilson v. Turner

*Fairley, Hamrick, Monteith & Cobb, by L. A. Cobb, for plaintiff appellant.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage and Preston, by Mark R. Bernstein and Fred C. Thompson, Jr., for defendant appellee.*

ARNOLD, Judge.

Since the particular note for which contribution is sought was executed following the effective date of Chapter 25 of the N. C. General Statutes, the liabilities of the parties will be determined by the Uniform Commercial Code.

[1] It is maintained by plaintiff that the judgment for defendant was in error for two reasons. First, he contends that there was an agreement by which the parties agreed to be jointly and severally liable. Under the provisions of G.S. 25-3-414(2) indorsers are liable to one another in the order in which they indorse unless they agree otherwise. The order of indorsement is presumed to be the order in which the signatures appear on the instrument.

The trial court found as a fact that there was no agreement, written or oral, by which defendant agreed to be jointly liable with plaintiff. This finding is supported by competent evidence and it is conclusive on appeal. *Coggins v. City of Asheville,* 278 N.C. 428, 180 S.E. 2d 149 (1971); *Laughter v. Lambert,* 11 N.C. App. 133, 180 S.E. 2d 450 (1971). Plaintiff's first argument is without merit.

[2] In his second argument plaintiff contends that the court erred in finding that he and defendant did not indorse the note as part of the same transaction. Plaintiff reasons that if he and defendant signed the note "as a part of the same transaction" they would be jointly and severally liable. He relies on G.S. 25-3-118(e) which reads as follows:

> "Unless the instrument otherwise specifies two or more persons who sign as maker, acceptor, or drawer or indorser and as a part of the same transaction are jointly and severally liable even though the instrument contains such words as 'I promise to pay.' "

According to plaintiff the loan transaction was not completed until the note was executed by the corporate maker, and indorsed by both plaintiff and defendant. It was intended from

the beginning that both parties indorse the note, and thus, plaintiff argues, there was only one transaction.

Assuming arguendo that it was intended that both parties indorse the note before the loan was closed it does not follow that plaintiff and defendant indorsed the instrument "as part of the same transaction" within the meaning of G.S. 25-3-118(e). This statute has not changed the rule in North Carolina that a prior indorser is not entitled to recover from a subsequent indorser in the absence of an agreement otherwise establishing liability. *(See Lancaster v. Stanfield,* 191 N.C. 340, 132 S.E. 21 (1926).)

The Official Comment to G.S. 25-3-118(e) declares that the statute "applies to any two or more persons who sign in the same capacity, whether as makers, drawers, acceptors, or indorsers. It applies only where such parties sign as part of the same transaction; *successive indorsers are, of course, liable severally but not jointly.*" (Emphasis added.)

Moreover, the North Carolina Comment to G.S. 25-3-118(e) provides that this section is not intended to affect the rules governing:

"(1) Contribution between parties jointly and severally liable.

(2) The order of liability of parties signing in different capacities or at different times. See North Carolina Comment to G.S. 25-3-414 (contract of indorser; order of liability)."

From the North Carolina Comment to G.S. 25-3-414(2) it is clear that the Uniform Commercial Code did not change the North Carolina rule relating to the presumption of liability between prior and subsequent indorsers:

"This continues the rule of G.S. 25-74 (N.I.L. 68) that indorsers are presumed to be liable in the order in which their signatures appear on the instrument. However, parol evidence is admissible to show the true order of indorsement." Plaintiff's second argument is also without merit.

We hold that the conclusion by the trial court that plaintiff and defendant were indorsers and liable to each other in the

order of their indorsement, according to G.S. 25-3-414, was correct. The judgment appealed from is

Affirmed.

Judges MORRIS and HEDRICK concur.