STATE OF NORTH CAROLINA v. DIXON LOCKLEAR

No. 7716SC216

(Filed 7 September 1977)

1. **Criminal Law § 138.7— sentencing—evidence considered**
   In sentencing, the trial court is not confined to the evidence relating to the offense charged but may inquire into such matters as defendant's age, character, education, environment, habits, mentality, propensities, record and alleged acts of misconduct in prison.

2. **Criminal Law § 138.8— sentencing hearing—opportunity to rebut evidence in aggravation of punishment**
   While a presentence report considered by the trial court in determining a sentence may properly contain hearsay and formal rules of evidence do not apply to the testimony of witnesses in a sentencing hearing, the sentencing hearing must be fair and just, and the trial court must provide the defendant with a full opportunity to controvert hearsay and other representations in aggravation of punishment.

3. **Criminal Law § 138.7— sentence based on hearsay testimony**
   Defendant is entitled to be resentenced for the offenses of possession of marijuana with intent to sell and sale and delivery of marijuana where it appears from the record that the trial court's finding that defendant would not benefit from sentencing as a committed youthful offender and the court's imposition of maximum consecutive sentences for the offenses were based solely (except for the circumstances of the offenses) on an officer's hearsay testimony at the sentencing hearing that an unidentified but reliable confidential informant told him that defendant "was doing between $500 and $1,000 worth of grass a week."

Judge MORRIS concurring as to verdict and dissenting as to sentencing.

APPEAL by defendant from *Canaday, Judge.* Judgment entered 20 October 1976 in Superior Court, ROBESON County. Heard in the Court of Appeals 29 June 1977.

Defendant pled not guilty to charges of (1) possession of marijuana with intent to sell, and (2) sale and delivery of marijuana.

The evidence for the State tended to show that on 22 April 1976, undercover agent Max Boliek purchased less than one ounce of marijuana from the defendant for $20.00. Boliek was accompanied to defendant's home by Clarence Leonard, to whom Boliek gave the $20.00. Leonard went behind defendant's house and shortly thereafter came back with the defendant. Leonard had a plastic bag in his hand and gave it to Boliek. Boliek remarked that it "wasn't real good stuff" whereupon defendant took the bag from him and stated

> "Hey, man you don't have to buy it if you don't want it. There's no trash in that pot. It's just like all the others I got and I haven't had any complaint."

Boliek retrieved the bag, took Leonard home, and delivered the bag to Detective Joel Locklear. The material in the bag was analyzed in an S.B.I. laboratory as 80% marijuana.

Defendant offered the testimony of Clarence Leonard and himself. This evidence tended to show that Leonard had sold the marijuana to Boliek and that defendant had never sold marijuana to anybody. Defendant denied that he had grabbed the bag from Boliek or that he had made the statements Boliek said he made.

The jury found defendant guilty as charged.

After sentencing hearing the trial court found that defendant would not benefit from sentencing as a committed youthful offender. The defendant appeals from judgment imposing consecutive five-year terms of imprisonment.

*Attorney General Edmisten by Associate Attorney Jane Rankin Thompson for the State.*

*James D. Little for defendant appellant.*

CLARK, Judge.

We find no merit in the assignments of error relating to trial and verdict. The sole assignment of error which merits discussion concerns the sentencing procedure.

After verdict the State called as a witness a deputy sheriff. He testified, over defendant's objection, that he had developed a reliable, confidential informant, who had told the witness that he had purchased marijuana from defendant on numerous occasions, and that defendant "was doing between $500 and $1,000 worth of grass a week." Defense counsel and the District Attorney made statements to the court. Thereupon, the trial court found that defendant (under 21 years of age) would not benefit from sentencing as a committed youthful offender under G.S. 148-49.4. The court then imposed two consecutive five-year prison terms.

The record on appeal does not disclose that defendant had any record of prior convictions nor does the record disclose that any other evidence or information was offered and considered by the court in aggravation of punishment.

[1]   The importance of sentencing, both to the defendant and the State, demands that the trial judge have adequate information as the basis for a proper sentence. Under G.S. 15-198 the trial court may require a probation officer to make a presentence investigation and report, which should be received and disclosed in open court. See G.S. 15A-1332, a part of the Trial State and Appellate Procedure Act of 1977 (Criminal Code Commission), effective 1 July 1978; *State v. Pope*, 257 N.C. 326, 126 S.E. 2d 126 (1962). In sentencing, the trial court is not confined to the evidence relating to the offense charged. It may inquire into such matters as age, character, education, environment, habits, mentality, propensities, and record of the person about to be sentenced. *State v. Cooper*, 238 N.C. 241, 77 S.E. 2d 695 (1953). And the court may inquire into alleged acts of misconduct in prison. *State v. Thompson*, 267 N.C. 653, 148 S.E. 2d 613 (1966).

[2]   Different evidentiary rules govern trial and sentencing procedures. See G.S. 15A-1334, Act of 1977, *supra*; *State v. Pope, supra*; *State v. Dawson*, 23 N.C. App. 712, 209 S.E. 2d 503 (1974). It would be unreasonable to require that all information in a presentence report be free of hearsay. Nor should the formal rules of evidence apply to the testimony of witnesses in a sentencing hearing. But the sentencing hearing must be fair and just, and the trial court must provide the defendant with full opportunity to controvert hearsay and other representations in aggravation of punishment.

[3]   In *State v. Pope, supra*, at page 335, we find a statement often quoted in other decisions: "Unsolicited whispered representations and rank hearsay are to be disregarded." We shy from attempting to define the term "rank hearsay." But in the case before us it ap-

pears from the record on appeal that defendant was under 21 years of age and that no record of prior convictions was offered by the State. The only evidence in aggravation of punishment was the testimony of a law officer that an unidentified but reliable informant told him that defendant "was doing between $500 and $1,000 worth of grass a week." Whereupon, the trial court found that defendant would not benefit from sentencing as a youthful offender under G.S. 148-49.4, and the court then imposed maximum consecutive prison sentences of five years on each of the two counts. Since the informant, referred to by the law officer witness as the one who informed him that defendant was dealing in drugs, was not identified, the defendant not only had no opportunity to confront the witness but had as well no effective way of contradicting the damaging and prejudicial information. Further, this prejudicial hearsay information was the only evidence in aggravation of punishment which, according to the record on appeal, was presented to and apparently considered by the trial court in imposing punishment.

The State contends that hearsay evidence is not ground for disturbing the sentence in the absence of prejudice, relying on *State v. Perry*, 265 N.C. 517, 144 S.E. 2d 591 (1965). In *Perry*, the defendant, charged with two counts of burglary, entered pleas of guilty to breaking or entering rooms in a girls' dormitory. At sentencing hearing the investigating officer testified as to statements made to him by the occupants of the dormitory. Parker, J. (later Chief Justice), for the Court, wrote: "While the procedure in the instant case of the court's hearing testimony of officers as to what witnesses said instead of having the witnesses present in court to testify is not approved, under the facts of this case it cannot be said that the hearing of such testimony by the judge before sentencing the defendant was prejudicial to the defendant, or that it manifested inherent unfairness or injustice, or that it was conduct which offended the public sense of fair play." 265 N.C. at 520-521.

It is noted that in *Perry, supra,* the hearsay evidence in the sentencing hearing related to circumstances of the offenses to which defendant pled guilty, and the defendant, who was present with counsel, had full opportunity to offer any evidence in mitigation of the offenses. *Sub judice*, the hearsay evidence offered by the State, over the objection of defendant, related not to the offenses of which the jury found him guilty but to information in aggravation of punishment other than the offense charged. Too, the defendant in *Perry* pled guilty, and in so doing " 'waives the right to trial and the

incidents thereof.' " *Perry, supra,* at page 520, citing 21 Am. Jur. 2d, Criminal Law, § 495, p. 484.

A trial judge should not be unduly limited in sentencing by restrictive procedure. Nor should he be required to justify the sentence imposed by designating the basis for his punishment. He must be allowed to exercise wide discretion in determining appropriate punishment for the protection of society and rehabilitation of defendant. 4 Strong, N.C. Index 3d, Criminal Law, § 138. But the trial judge should not base his sentence solely (except for the circumstances of the offense) on "unsolicited whispered representations" or "rank hearsay."

We find no error in the verdict, but the judgment is vacated and the cause remanded for resentencing.

Vacated and remanded.

Judge PARKER concurs.

Judge MORRIS concurs as to verdict and dissents as to sentencing.

Judge MORRIS dissenting.

Although I concur in the result reached as to the verdict, I cannot agree with the result the majority reaches with respect to the sentencing. I am not willing to tie the hands of our trial judges to this extent. Although the majority opinion agrees that a trial judge should not be "unduly limited in sentencing by restrictive procedure," and that he should not be required to "justify the sentence imposed by designating the basis for his punishment," and that he should be "allowed to exercise wide discretion in determining appropriate punishment for the protection of society and rehabilitation of defendant," the result reached belies the words and leaves them empty and meaningless. For the most part all presentencing reports to the judge contain a great deal of hearsay. In all other areas of the law, when a matter is heard by a judge without a jury, we are willing to accord to the judge the ability and duty to cull out the incompetent evidence and not rely upon it in reaching his judgment or in finding facts. He passes upon the competency and admissibility of the evidence as a judge and determines its weight and sufficiency as a jury. *Everette v. Lumber Co.*, 250 N.C. 688, 110 S.E. 2d 288 (1959); *Laughter v. Lambert,* 11 N.C. App. 133, 180 S.E. 2d 450 (1971). Yet, after a defendant has been convicted by a jury of his

peers, we are not willing to accord to the trial judge the same ability on a sentencing hearing. If only hearsay evidence is presented at the sentencing hearing, the judge *must* justify a maximum, perhaps even less than maximum, sentence or the matter will be remanded for sentencing. The sentencing judge is the one who presided at the trial; who witnessed the attitude and demeanor of the defendant throughout the trial. Where, as here, the defendant is a young man and the record is barren of prior convictions, the judge who pronounces judgment after a sentencing hearing at which only hearsay evidence was presented, despite his firm convictions as the result of his observations at trial, finds himself in the untenable position of having the matter remanded for sentencing should the defendant deem the punishment too harsh and raise the question on appeal. Unquestionably, had the court entered the judgments without having conducted any sentencing hearing at all, we would have refused to review the sentences since the matter of sentencing is within the discretion of the court and each sentence is within the statutory maximum.

In *Williams v. New York*, 337 U.S. 241, 93 L.Ed. 1337, 69 S.Ct. 1079 (1949), Mr. Justice Black spoke to the necessity of allowing trial judges wide discretion in sentencing:

"In addition to the historical basis for different evidentiary rules governing trial and sentencing procedures there are sound practical reasons for the distinction. In a trial before verdict the issue is whether a defendant is guilty of having engaged in certain criminal conduct of which he has been specifically accused. Rules of evidence have been fashioned for criminal trials which narrowly confine the trial contest to evidence that is strictly relevant to the particular offense charged. These rules rest in part on a necessity to prevent a time-consuming and confusing trial of collateral issues. They were also designed to prevent tribunals concerned solely with the issue of guilt of a particular offense from being influenced to convict for that offense by evidence that the defendant had habitually engaged in other misconduct. A sentencing judge, however, is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punish-

ment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial.

. . . We must recognize that most of the information now relied upon by judges to guide them in the intelligent imposition of sentences would be unavailable if information were restricted to that given in open court by witnesses subject to cross-examination. And the modern probation report draws on information concerning every aspect of a defendant's life. The type and extent of this information make totally impractical if not impossible open court testimony with cross-examination. Such a procedure could endlessly delay criminal administration in a retrial of collateral issues.

The considerations we have set out admonish us against treating the due process clause as a uniform command that courts throughout the Nation abandon their age-old practice of seeking information from out-of-court sources to guide their judgment toward a more enlightened and just sentence. . . . In determining whether a defendant shall receive a one-year minimum or a twenty-year maximum sentence, we do not think the Federal Constitution restricts the view of the sentencing judge to the information received in open court. The due process clause should not be treated as a device for freezing the evidential procedure of sentencing in the mold of trial procedure. So to treat the due process clause would hinder if not preclude all courts — state and federal — from making progressive efforts to improve the administration of criminal justice." Pp. 246-251.

In *State v. Pope*, 257 N.C. 326, 126 S.E. 2d 126 (1962), Justice Moore, speaking for a unanimous Court, noted that G.S. 15-198 establishes the policy that full investigation may be made before sentencing, and said:

". . . The investigation may adduce information concerning defendant's criminal record, if any, his moral character, standing in the community, habits, occupation, social life, responsibilities, education, mental and physical health, the specific charge against him, and other matters pertinent to a proper judgment. The information obtained by investigation may be received and considered. It is discretionary with the judge whether or not the sources of information are divulged, else it

might prove difficult to obtain information in many instances, and the time required in sentencing procedure might be unreasonably extended. Unsolicited whispered representations and rank hearsay are to be disregarded. It is better practice to *receive* all reports and representations from probation officers in open court. All information coming to the notice of the court which tends to defame and condemn the defendant and to aggravate punishment should be brought to his attention before sentencing, and he should be given full opportunity to refute or explain it.

In our opinion it would not be in the interest of justice to put a trial judge in a straightjacket of restrictive procedure in sentencing. He should not be put in a defensive position and be required to sustain and justify the sentences he imposes, and be subject to examination as to what he has heard and considered in arriving at an appropriate judgment. He should be permitted wide latitude in arriving at the truth and broad discretion in making judgment. Pre-sentence investigations are favored and encouraged. There is a presumption that the judgment of a court is valid and just. The burden is upon appellant to show error amounting to a denial of some substantial right. *State v. Poolos*, 241 N.C. 382, 85 S.E. 2d 342. A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." P. 335.

In the case before us, a plainclothes detective testified at the sentencing hearing. He testified that he had been assigned to the narcotics detail for six and one-half years and in that period of time had developed confidential sources of information on the inside of the drug traffic in Robeson County; that in the past two months he had developed a confidential source of information in a certain part of the county; that this source had proved to be reliable; that it had produced cases which had not yet been tried; that that source had named defendant in a list of people "heavy in the drug traffic" and had told the witness that defendant was "doing between $500 and $1000 worth of grass a week." Counsel for defendant conducted a searching cross-examination of the witness. After the showing by the State, defendant was heard by the court and allowed to make such statements as he wished. After the defendant was heard, the court announced that he did not feel the case was an appropriate one

for probation. He further stated that the testimony of defendant's witness, in his opinion, lacked plausibility and he felt that the evidence indicated collusion between that witness and defendant for the purpose of the trial.

If the majority opinion is based upon the premise that the court erroneously based its sentence solely on rank hearsay, it appears that the record itself indicates clearly that this is just not the case.

In the sentencing of defendant in this case, I perceive no abuse of discretion, no procedural conduct prejudicial to defendant, no circumstances which manifest inherent unfairness and injustice, no conduct which offends the public sense of fair play, and I vote to find no error in the trial and in the sentencing.