Williamson v. Williamson

No error.

Chief Judge VAUGHN and Judge HILL concur.

MASUKI MISHIO WILLIAMSON v. RONNIE E. WILLIAMSON

No. 8321DC95

(Filed 7 February 1984)

Divorce and Alimony § 13.5— separation for statutory period—sufficiency of evidence

Defendant-husband's motion to set aside a judgment by confession and a separation agreement and property settlement concerning monthly alimony payments was properly denied where defendant failed to meet his burden of proof that the parties intended to resume the marital relation where there was no evidence that either party intended to resume the marital relation and there was contradictory evidence as to whether an isolated incident of sexual intercourse did take place.

APPEAL by defendant from *Tanis, Judge*. Order entered 30 March 1982 in District Court, FORSYTH County. Heard in the Court of Appeals 9 January 1984.

On 21 July 1981, plaintiff wife and defendant husband entered into a separation agreement and property settlement in which defendant agreed to pay monthly alimony payments to plaintiff. On the same day, defendant signed a statement authorizing entry of judgment, and a judgment by confession was entered in Forsyth County which ordered defendant to pay monthly alimony to plaintiff pursuant to the separation agreement.

On 30 July 1982, defendant filed a motion to set aside the judgment by confession and the separation agreement and property settlement. Defendant alleged that the parties had engaged in sexual relations on two occasions during the separation period. Plaintiff denied the allegation of sexual relations between the parties.

After hearing the parties' evidence, the trial court made the following pertinent findings of fact:

4. The defendant testified: (a) that he spent the nights of May 27 and 28, 1982, with the plaintiff and had sex with her
. . . .

*     *     *

(d) That on July 11, 1982, he called plaintiff and said he was not going to reconcile but that he had discussed reconciliation with the plaintiff.

*     *     *

8. Plaintiff testified that on May 27, 1982, defendant came back to the home and was tired and went to sleep before the television without even taking his clothes off and even slept in his shoes and that the parties did not have intercourse or any affectionate encounter and did not discuss reconciliation.

*     *     *

11. Plaintiff testified that on July 11, 1982, defendant called her and said he was not interested in reconciliation and did not talk about resumption of the marriage.

Based upon these relevant findings of fact, the trial court concluded:

1. There is no evidence that either party intended to resume the marital relation and no evidence that the parties held themselves out as husband and wife to the community.

2. There is conflicting and contradictory evidence as to whether an isolated incidence of sexual intercourse did take place between the parties.

3. The burden of proof is on the defendant in this action to set aside a written Separation Agreement and Property Settlement and a Confession of Judgment.

It is the Opinion of this Court that clear, cogent and convincing evidence is required to meet this burden of proof
. . . .

4. . . . . [T]he defendant has failed to meet his burden of proof.

The trial judge denied defendant's motion to set aside the separation agreement and property settlement and the judgment by confession. Defendant appeals.

*Meyressa H. Schoonmaker for plaintiff appellee.*

*B. Jeffrey Wood for defendant appellant.*

HILL, Judge.

Defendant first argues that the trial court erred in its findings of fact and conclusions of law by disregarding uncontroverted evidence that the parties stayed overnight together on two consecutive nights thereby entitling defendant to the presumption that the parties engaged in sexual intercourse. We hold that defendant is entitled to no such presumption.

The "inclination and opportunity" concept allows a presumption of adulterous sexual intercourse if adulterous inclination and opportunity are shown. 1 Lee, North Carolina Family Law, sec. 65, p. 321-22. The rule applies only to cases of alleged adultery, because adultery is an illegal act which by its very nature is difficult to prove. The problem of proof is compounded by evidentiary prohibitions of spouses testifying in their divorce actions about the adultery of the other, or from admitting their own adultery. See G.S. 55-10; see also G.S. 8-56. Such justification of the rule for adultery cases is nonexistent for proof of resumption of marital relations between separated spouses, an act which is not against the law but which merely breaks a contract between the spouses. The resumption of the marital relation is not inherently secretive and spouses are competent to testify about it. Accordingly, defendant's request to extend the "inclination and opportunity" presumption to proof of resumption of the marital relation is denied.

Defendant's appeal, therefore, rests upon the determination of whether the parties had reconciled and resumed their marital cohabitation. "Where such a reconciliation and resumption of cohabitation has taken place, an order or separation agreement with provisions for future support and an agreement to live apart is necessarily abrogated." *Hand v. Hand,* 46 N.C. App. 82, 85, 264 S.E. 2d 597, 598, *disc. rev. denied,* 300 N.C. 556, 270 S.E. 2d 107 (1980); *Hester v. Hester,* 239 N.C. 97, 79 S.E. 2d 248 (1953). When

the evidence is conflicting, "[t]he issue of the parties' mutual intent is an essential element in deciding whether the parties were reconciled and resumed cohabitation." *Newton v. Williams*, 25 N.C. App. 527, 532, 214 S.E. 2d 285, 288 (1975).

The trial court's fact finding reveals that defendant has failed to carry his burden of proof under any standard, as the findings disclose no evidence that either party intended to resume the marital relation and contradictory evidence as to whether an isolated incidence of sexual intercourse did take place. Where the trial judge sits as judge and juror, his findings of fact have the effect of a jury verdict and are conclusive on appeal if there is evidence to support them. *Laughter v. Lambert*, 11 N.C. App. 133, 136, 180 S.E. 2d 450, 452 (1971). Contradictions and discrepancies are matters to be resolved by the trier of the facts. *Hand v. Hand, supra.* In the case under review, there is competent evidence to support the trial court's findings of fact which in turn support the conclusions of law. The order entered thereupon is

Affirmed.

Chief Judge VAUGHN and Judge EAGLES concur.