HARRIS-TEETER SUPERMARKETS, INC. v. ALICE W. HAMPTON

No. 8514SC72

(Filed 17 September 1985)

1. **Vendor and Purchaser § 1.3— option contract—condition precedent—issue for jury**

   An issue as to whether the parties to an option contract intended plaintiff's purchase of other property to be a condition precedent to the exercise of its option to purchase defendant's property constituted an issue of fact for the jury, and the trial court erred in entering summary judgment for defendant on that issue.

2. **Vendor and Purchaser § 2.1— duration of option—genuine issue of material fact**

> A genuine issue of material fact was presented as to when an option to purchase expired where it is unclear from the face of the option contract when the contract was made, and it is unclear from the terms of the contract whether the option was to be for a period of ninety days from the execution of the contract or merely until the date set forth in the option.

APPEAL by plaintiff from *Martin, John C., Judge.* Order entered 22 October 1984 in Superior Court, DURHAM County. Heard in the Court of Appeals 28 August 1985.

Harris-Teeter Supermarkets, Inc. (hereinafter Harris-Teeter) and Alice W. Hampton entered into an option contract which gave Harris-Teeter the right to purchase certain land owned by Mrs. Hampton. The contract stated that it was made on the 12th of October 1983. It contained the following terms and conditions which are pertinent to this appeal.

> This option shall be for a period of Ninty [sic] (90) days and shall exist and continue through 12:00 noon on the 10th day of January, 1984.
>
>     . . . .
>
> 1. Buyer may extend at his option the term of this contract by 3/30 day extensions with the payment of 1% of the sales price per month or $2,250 per mon.
>
>     . . . .
>
> 3. The purchase of parcels of property subject tract to the south owned by E. A. Blackwood and wife and additional tract owned by Inez Hall and husband to be purchased simultaneously with this transaction.

The signatures at the bottom of the lease were not dated. However, several changes were made to the contract and these were all initialed and dated 17 October 1983. From the dates which appear on checks in record, it appears that Harris-Teeter sent checks to Mrs. Hampton on 11 January 1984, 22 February 1984 and 22 March 1984 to exercise the right to obtain extensions to the option. These payments were accepted by Mrs. Hampton.

On 9 April 1984, Harris-Teeter questioned Mrs. Hampton as to when she believed the option was to expire. She responded

that she was not sure and referred them to her accountant who also failed to give an answer. Harris-Teeter attempted to exercise its option on 10 April 1984 by delivering a letter to Mrs. Hampton. She refused to accept tender claiming that the option had expired on the previous day and that Harris-Teeter had failed to meet a certain condition precedent listed in the contract.

On 30 May 1984, Harris-Teeter brought suit against Mrs. Hampton seeking to compel specific performance. Mrs. Hampton made a motion for summary judgment on 17 September 1984. After a hearing on the motion, the trial judge granted summary judgment for Mrs. Hampton on 22 October 1984. From this order, plaintiff appealed.

*Powe, Porter and Alphin, by W. Travis Porter and David E. Fox, for plaintiff-appellant.*

*Womble, Carlyle, Sandridge & Rice, by Deborah H. Hartzog, and William C. Matthews, Jr., for defendant-appellee.*

ARNOLD, Judge.

The defendant's motion for summary judgment was based upon two grounds. She argued that the option was not timely exercised, and that the conditions precedent to her obligations were not fulfilled. Summary judgment is appropriate only where there are no genuine and material issues of fact to be resolved. *Texaco, Inc. v. Creal,* 310 N.C. 695, 314 S.E. 2d 506 (1984). However, if summary judgment was proper for either of these reasons, the judgment must be affirmed.

[1] First we will determine whether summary judgment based upon Mrs. Hampton's claim that she was not required to perform because Harris-Teeter had failed to perform a condition precedent to the exercise of the option. She alleged that Harris-Teeter had failed to purchase the property owned by the Blackwoods and the Halls, thus they had failed to meet a condition precedent to its exercise of the option to purchase her property. Harris-Teeter admitted that they had not purchased the Blackwood and Hall property, however, they argue that the purchase was not a condition precedent to the exercise of their option. Conditions precedent are not favored by our law, and contract provisions will not be found to be conditions precedent in the absence of language

plainly requiring such a construction. *See, Financial Services v. Capital Funds,* 23 N.C. App. 377, 209 S.E. 2d 423 (1974), *aff'd* 288 N.C. 122, 217 S.E. 2d 551 (1975). Furthermore, whether conditions are conditions precedent or conditions subsequent depends entirely upon the intention of the parties shown by the contract, as construed in the light of the circumstances of the case, the nature of the contract, the relation of the parties thereto, and other evidence admissible to aid the court in determining the intention of the parties. *Construction Co. v. Crain and Denbo, Inc.,* 256 N.C. 110, 123 S.E. 2d 590 (1962). Issues regarding the intent of the parties are issues of fact. Thus, summary judgment was not properly granted on this ground.

[2]   Next, we must determine whether summary judgment was proper based upon Mrs. Hampton's contention that the option was not timely exercised. Mrs. Hampton argues that under the clear terms of the contract, Harris-Teeter's right to exercise their option expired on 9 April 1984, one day prior to the date of acceptance. Harris-Teeter argues that there is an issue of fact regarding when the option expired and that as such this is not a proper subject for summary judgment.

When the terms of a contract are clear and unambiguous the express terms of the contract control in determining its meaning. *Crockett v. Savings & Loan Assoc.,* 289 N.C. 620, 224 S.E. 2d 580 (1976). However, if there is some ambiguity on the face of the document it may be explained by extrinsic evidence, and the meaning of the document becomes a question for the jury, under proper instructions, to determine. *Goodyear v. Goodyear,* 257 N.C. 374, 126 S.E. 2d 113 (1962). The option in the case *sub judice* contains an issue for the jury. It is unclear from the face of the document when the contract was made. There are two dates, October 12, 1983, and October 17, 1983, present on different portions of the document both of which purport to govern when the contract was executed. Since it is unclear when the contract was made, it is unclear from the terms of the contract whether the option to purchase was to be for a period of ninety days from the execution of the contract or merely until the date set forth in the option. This ambiguity is a question which can only be resolved by the admission of extrinsic evidence. The plaintiff offered evidence in the form of affidavits sufficient to create an issue of material fact regarding the duration of the lease. This showing was sufficient

to defeat Mrs. Hampton's motion for summary judgment. The judgment of the trial court is, therefore,

Reversed.

Chief Judge HEDRICK and Judge COZORT concur.