Baird v. Baird

CORNELIA W. BAIRD v. HARRY HAYNES BAIRD

No. 8626SC1295

(Filed 16 June 1987)

1. **Husband and Wife § 11.2— separation agreement—meaning of "net professional income"**

There was sufficient evidence to support the trial court's finding that the parties to a separation agreement intended the term "net professional income" to mean gross medical income less ordinary and necessary expenses incurred in producing such income and less state and federal taxes on such income.

2. **Husband and Wife § 11.2— separation agreement—cap on amount of support**

A provision in a separation agreement stating that if the required support payment for a certain year exceeds 25% of defendant's "net professional income and/or retirement income" the payment required for the following year will not exceed that 25% figure merely set a cap on what defendant will have to pay and did not require that income deductions mentioned in another provision of the separation agreement be deducted from the 25% cap.

3. **Husband and Wife § 13; Attorneys at Law § 7.4— construction of separation agreement—no right to attorney fees**

Where this matter was disposed of by a construction of the parties' separation agreement, plaintiff wife was not entitled to attorney fees under a provision of the agreement requiring a party thereto to pay the attorney fees of the other party if it should become necessary for the other party to initiate legal proceedings to enforce the provisions of the agreement.

APPEAL by plaintiff from *Gaines, Judge.* Judgment entered 28 July 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 11 May 1987.

Plaintiff and defendant were married on or about 15 August 1938 and separated on or about 8 November 1981. Defendant is a

medical doctor and receives twenty-five percent of the income of a partnership that he formed with three other physicians. Plaintiff, primarily having been a housewife and mother, had no separate income at the time of separation.

Plaintiff instituted an action seeking alimony from defendant on 8 March 1982. The parties reached an oral agreement whereby defendant was required to pay plaintiff $2,300 per month. A written separation agreement was drawn up on 25 January 1983. The following provision was inserted in the agreement concerning the amount of support defendant would be required to pay plaintiff if defendant's income from the practice of medicine decreased from year to year:

In consideration for the Wife's relinquishment of all rights to be supported by the Husband, the Husband agrees to pay the Wife the following amounts:

1. On the 30th of each calendar month from June 30, 1982 up through and including December 30, 1982, the Husband shall pay to the Wife the sum of $2,300. Beginning in the calendar year 1983, the Husband shall pay to the Wife each year the sum of $27,600 in twelve equal monthly installments due on the 30th day of each month, reduced as hereinafter provided. Beginning the calendar year 1983, and each year thereafter, the annual payment and monthly installment payments shall be reduced by the amount paid to the Wife from that trust dated October 15, 1982 and by any rental or other income of the Wife.

On March 30, June 30, September 30 and December 30 of each year the monthly installment payments of support for the insuing [sic] quarter shall be adjusted and reduced by the amounts received by the Wife from the aforesaid trust or other income in the preceding quarter. In addition, on December 30 of each year there shall be a final accounting for the preceding year to the end that the Husband shall be given full credit or offset for the annual support payments that year for all amounts paid to the Wife by the aforesaid trust and any other income of the Wife.

2. In the event the support payment required by the husband to the wife under this agreement exceeds 25% of his

net professional income (exclusive of any retirement deductions, whether individually or corporate) and/or retirement income, then the payment required the following calendar year by the husband shall be 25% of the husband's net professional income and/or retirement income for the preceding year. The parties realize that the husband is practicing his profession as a one man professional association under the Internal Revenue Code and agree that for the purpose of the aforesaid provision, the parties shall disregard the corporate entity.

Plaintiff instituted this action seeking enforcement of the provisions of the separation agreement pertaining to the payment of support and medical insurance, and reimbursement for state and federal income tax payments. The parties agreed to waive a jury trial and permit the trial judge to make findings of fact.

The trial court made the following pertinent findings of fact.

34. Reviewing the evidence presented on the situation of the parties at the time of execution of the Separation Agreement; the purpose of this net professional income term; the end in view for such term; the subject matter it addresses; and the expressions used, the Court finds that the parties intended that the plaintiff be supported by the defendant in the same manner as if they had not become separated, that is, by after-expense, after-tax dollars, and that the parties intended the term "net professional income and/or retirement income" to mean gross medical income and/or retirement income less ordinary and necessary expenses incurred in producing such income less North Carolina and federal income taxes on such income.

*    *    *    *

40. Paragraph C-2 of the Separation Agreement (quoted in full in Finding No. 30) provides in pertinent part "[i]n the event the support payment required . . . under this agreement exceeds 25% of his net professional income — and/or retirement income." Plaintiff contends that this clause means that the 25% limitation only sets an upper limit on the amount of support the defendant will actually have to pay in the following year after income credits have been deducted

from the $27,600.00 support obligation. Defendant contends that this clause means that the 25% limitation sets the maximum support obligation required by the agreement for the following year from which income credits are deducted. The Court finds this clause to be ambiguous and turns to the intent of the parties to determine its meaning.

\*     \*     \*     \*

42. Reviewing the evidence of the situation of the parties at the time of execution of the Separation Agreement; the purpose sought by this clause; the end in view from this clause; the subject matter of this clause; and the expressions used in this clause, the Court finds the parties intended to provide defendant some support protection should he semi-retire or retire because of the effect of this on his income, just as there would be if the parties had remained married, and that the parties intended this clause to mean that the 25% limitation would establish the maximum support obligation required by the agreement for the following year from which income credits would be deducted.

The trial court made the following pertinent conclusions of law:

10. A declaratory judgment should issue construing Paragraph C-2 of the Separation Agreement to mean that defendant's support obligation ceiling of 25% of his net professional income and/or retirement income is to be determined after deducting expenses and federal and state income taxes from such income.

11. A declaratory judgment should issue construing Paragraph C-2 of the Separation Agreement to mean that the 25% limitation establishes the maximum support obligation required by the agreement for the following year from which income credits will be deducted.

From this judgment, plaintiff appeals to this Court.

*DeLaney and Sellers, by Ernest S. DeLaney, for plaintiff appellant.*

*R. Cartwright Carmichael, Jr. for defendant appellee.*

ARNOLD, Judge.

[1]  Plaintiff contends that the trial court erred in construing the term "net professional income" as meaning gross medical income less ordinary and necessary expenses incurred in producing such income less the state and federal income taxes on such income. We disagree.

The term "net professional income" is susceptible to more than one reasonable interpretation. It can be read as meaning medical income minus ordinary and necessary expenses or medical income less expenses and taxes on such income. No definition or explanation of the term is found in the separation agreement. Since this phrase is ambiguous, the parties' intent as to its meaning becomes a question of fact to be resolved by the trier of fact. *Harris-Teeter Supermarkets, Inc. v. Hampton*, 76 N.C. App. 649, 334 S.E. 2d 81 (1985), *disc. rev. denied*, 315 N.C. 183, 337 S.E. 2d 857 (1985).

A trial court's findings of fact are binding on this Court if they are supported by competent evidence. *Laughter v. Lambert*, 11 N.C. App. 133, 180 S.E. 2d 450 (1971). Defendant testified at trial, "I read the dictionary definition of the term 'net income' before entering into the Separation Agreement—it meant after deducting expenses and taxes." Supported findings of fact will not be disturbed on appeal since the weight and credibility of the evidence are matters for the trial judge. *Whitaker v. Earnhardt*, 289 N.C. 260, 221 S.E. 2d 316 (1976). There is ample evidence to support the trial court's finding that the parties intended "net professional income" to mean medical income less expenses and taxes. Plaintiff's contention is therefore rejected.

[2]  Plaintiff next contends that the trial court "erred in determining that the defendant was entitled to credit for income received by the plaintiff in determining his support obligation in the event his income decreased and the alternative provision for support payments contained in the agreement became effective."

The trial court incorrectly held that the portion of paragraph C-2 dealing with the twenty-five percent limitation was ambiguous. This paragraph states that if the support payment required under the separation agreement for a certain year exceeds twenty-five percent of defendant's "net professional income and/or

retirement income" then the payment required by the agreement for the following year will not exceed that twenty-five percent figure. This provision merely sets a cap on what defendant will have to pay. It does not remotely suggest that the income deductions mentioned in paragraph 1 should be deducted from this twenty-five percent cap.

In the event defendant's payment for a certain year exceeds twenty-five percent of his "net professional income and/or retirement income" then, according to the agreement, the following calculations would be proper for the next year. Any income received by plaintiff for that year should be deducted from the $27,600 figure that the agreement requires defendant to pay. If the amount remaining is more than the twenty-five percent limit, then all defendant will be required to pay is the twenty-five percent figure. The trial court was incorrect in concluding otherwise.

[3] Plaintiff finally contends that the trial court erred in not awarding her reasonable attorneys' fees.

The separation agreement states:

*Enforcement.* If it should become necessary for either party to initiate legal proceedings or secure the aid of a court to enforce the provisions of this agreement and the party initiating such action prevails, the other party shall be responsible for paying the reasonable attorneys fees and expresses (sic) of such party as determined by the court.

Concerning this matter, the trial court held:

Each party should bear their own costs and be responsible for payment of their own attorney fees since disposition of this matter was resolved by construction of the agreement, not enforcement of the agreement prior to construction and since there is not a "prevailing party" within the meaning of the Separation Agreement.

The trial court was correct in holding each party responsible for his own attorneys' fees.

The portions of the judgment concerning attorneys' fees and the interpretation of "net professional income" are affirmed. The portion holding that paragraph C-2 is ambiguous is reversed and

the cause is remanded for proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part and remanded.

Judges EAGLES and PARKER concur.